### GERMAIN v. MASON.

1. Though several defendants may be affected by a judgment or decree, there may be such a separate judgment or decree against one of them that he can appeal or bring a writ of error without joining the other defendants.

2. A judgment *in personam* against one defendant for a sum of money, which at the same time establishes the debt as a paramount lien on real estate as to other defendants, may be brought to this court by the party against whom the personal judgment is rendered, without joining the others.

MOTION by *Mr. Nathaniel Wilson* to dismiss a writ of error to the Supreme Court of Montana Territory; the case as it seemed, from a not very clear record, being thus:

J. Mason and L. B. Duke brought suit in the court below

---

[*] 10 Wallace, 176.

against Jules Germain to recover a balance due for work and materials furnished in building a house, and to enforce a mechanic's lien against the house and the lot on which it was built for the debt. One C. L. Dahler, A. J. Davis, and eighteen other persons, who the petition stated "had or claimed to have some interest, claim, or lien on the incumbered premises," were made defendants, but the petition alleged that their interest, claim, or lien, if any, had accrued subsequently to that of the plaintiffs; and it prayed "for judgment *against the said Jules Germain in the sum of* $6651," and that it be adjudged that the defendants, C. L. Dahler, A. J. Davis, and the eighteen others named, and all persons claiming under them subsequently to the commencement of the action, be barred and foreclosed of all right, claim, lien, &c., in, on, or to the incumbered premises, "and that the premises be decreed to be sold," &c. The court decided that the lien of the plaintiffs was paramount to that of all other persons, and gave judgment against Germain *in personam* for the debt, with an order that if it could not otherwise be made out of him, the real estate on which the lien was claimed should be sold, and out of the proceeds of the sale the debt of the plaintiffs should be first paid. To this judgment Germain alone sued out a writ of error. The writ purported to be taken—

"Because in the records and proceedings, as also in the rendition of the judgment of a plea between J. Mason and L. B. Duke, plaintiffs, and Jules Germain *et al., defendants,* a manifest error hath happened, to the great damage *of the said Jules Germain, one of said defendants* as aforesaid, as by *his* complaint appears."

The bond recited that "Jules Germain, *one* of the defendants in the above cause, had prosecuted a writ of error to the Supreme Court of the United States to reverse the judgment," and the obligors undertook " on the part of *the appellant*" that *he* would pay the costs, &c.

*Mr. Wilson, in support of his motion,* argued that as the writ of error described the defendant in the original suit as Jules

Germain *et al.*, the case fell within the ruling in *Deneale* v. *Stump's Executors*,* and similar subsequent cases, and that the writ should be dismissed.

*Mr. M. Blair, contra:* The money judgment is against Germain alone. He singly can appeal.

Mr. Justice MILLER delivered the opinion of the court.

The cases relied on for the dismissal of the writ are all reviewed in *Mussina* v. *Cavazos*,† and it is there said that they rest upon the principle that all the parties to the original judgment must, when it is a *joint* judgment, be brought before this court, and that this is not done by a writ which does not give their names.

In the case before us the writ is sued out by Germain alone, who is the only party mentioned as damaged by the alleged error of the court, and who alone gives the appeal bond. If, therefore, Germain can bring the writ without joining other parties as plaintiffs in error, the writ is not defective.

We have examined the record—a very confused one—but from it we gather enough to satisfy us that the judgment of which Germain complains is such a separate judgment against him as authorizes him to ask a review of it here without joining his co-defendants in the court below, who have not thought proper to disturb the judgment.‡

The lien creditors, co-defendants with Germain, have not sought to reverse the judgment; but Germain, who has a separate, distinct, personal judgment against him for money, in which the other defendants have no interest, has a right, we think, to prosecute a writ of error in his own name without joining them.

MOTION OVERRULED.

---

* 8 Peters, 526.   † 6 Wallace, 355

‡ *Masterson* v. *Herndon*, 10 Wallace, 416.