[No. 381.   January Term, 1891.]

## TOWN OF ALBUQUERQUE, PLAINTIFF IN ERROR, v. ZEIGER, DEFENDANT IN ERROR.

ERROR, WRIT OF—PARTIES—DISMISSAL.—In a proceeding by a taxpayer against a town, and the sheriff, to enjoin the collection of a tax assessed against him for the improvement of a street, the sheriff having no substantial interest in the result, his failure to join in a writ of error sued out by the town from a decree in favor of the taxpayer, is no ground for a dismissal of the writ.

ID.—FILING OF RECORD.—On writ of error, a record filed ten days before the first day of the term, including either the day of the filing, or "the first day of the term," is a substantial compliance with the rule, and meets the requirement of the statute.

ERROR, from a decree in favor of complainant, to the Second Judicial District Court, Bernalillo County. Motion to dismiss writ of error. Motion denied.

The facts are stated in the opinion of the court.

N. C. COLLIER for plaintiff in error.

NEILL B. FIELD for defendant in error.

FREEMAN, J.—The defendant in error filed his bill in the court below against the plaintiff in error, and one Jose L. Perea, sheriff of Bernalillo county, to enjoin the collection of certain taxes assessed against him for the improvement of a street in said town of Albuquerque. The defendants below demurred, and the demurrer was overruled. Electing to stand on their demurrer, the injunction was made perpetual, to which ruling of the court they prayed and obtained an appeal. The appeal, however, was not prosecuted, and the case was afterward brought to this court by writ of error sued out by the town of Albuquerque only; its codefendant, the sheriff, declining to prosecute the writ. The defendant in error now moves to dismiss the writ of error for the reason, among others, that both of the defendants in the lower court do not join in the writ.

It is apparent that there are but two parties who have any substantial interest in the present litigation, viz., the town of Albuquerque, the plaintiff in error, and Zeiger, the defendant in error. To the sheriff, the other defendant below, it is a matter of trifling concern. Beyond the matter of commission on the tax enjoined, he has no interest, whatever, in the result. He was a necessary party defendant, because, as sheriff, he was proceeding, or was about to proceed, to enforce the collection of the supposed illegal assessment. It is insisted by the defendant in error that he is also a necessary party to this proceeding, for the reason that as he stands enjoined by a decree of the court, which he does not seek to disturb, a dissolution of the injunction as to his codefendant below will not have the effect of dissolving the injunction as to him, and that therefore the town would

*PARTIES in interest: dismissal.*

take nothing by such judgment here; that a judgment dissolving the injunction as to the town, and leaving it in force as to the officer, would be barren of any practical result. We do not so regard the law. If it should appear to this court that the injunction was improvidently granted, and that the plaintiff in error is entitled to collect the tax, it would seem to be a hardship to deprive it of the power to enforce the collection on account of the indifference of the officer. "Where the officers of a corporation are joined with it as codefendants in a bill for discovery, and for an injunction against an action brought by the corporation, the injunction may be dissolved upon the coming in of the answer of the corporation, although its officers have not answered. So, when an injunction is obtained against several defendants, restraining them from prosecuting a joint action at law, some of whom answer and obtain a dissolution as to themselves, and the others afterward file their answer, but neglect to move to dissolve, those who have already procured the dissolution as to themselves may have the injunction dissolved as to their codefendants." High Inj., sec. 1534. A similar doctrine is laid down in the case of Basket v. Hassell, 107 U. S. 608, where it is said "that the omitted parties have no legal interest either in maintaining or reversing the decree, and consequently are not necessary parties to the appeal." The case of Germain v. Mason, 12 Wall. 259, was an action brought by Mason against Germain to enforce a mechanic's lien. Twenty other parties were made defendants to the petition on the ground that they had, or pretended to have, liens against the same building. A decree was had affirming the right of the petitioner to priority of satisfaction of his lien, and a judgment in personam rendered against Germain. From this judgment, Germain alone sued out a writ of error. A

motion to dismiss for nonjoinder of the other defendants was overruled. The supreme court, speaking by Justice MILLER, said: "The lien creditors, codefendants with Germain, have not sought to reverse the judgment; but Germain, who has a separate, distinct, personal judgment against him for money, in which the other defendants have no interest, has a right, we think, to prosecute a writ of error in his own name without joining them." A motion similar to that we are considering was made in the case of Cox v. Dick, 6 Pet. (U. S.) 172. The argument made in the case, which was sustained by the court, is as follows: "It must be obvious that in many cases all the parties will join in the appeal. Sometimes they are satisfied with the judgment. Often they have no interest in reversing it. * * * The party interested in reversing the judgment only will sue out a writ of error. The court can not compel the other party to join, and justice could not be done if either party could defeat the other of their legal rights. The aggrieved party must be allowed to bring up the case, and, if necessary, to comply with obsolete forms, the court must decree a severance." The motion to dismiss was therefore overruled by the court. The sheriff is not a party to any substantial interest involved. He is merely a part of the official machinery invoked by the corporation to enforce the collection of the tax. His functions are suspended by the writ; and if, upon the hearing, the court should be of the opinion that the injunction ought to be dissolved, it will remand the cause to the court below, with directions to that court to dissolve it as to all the parties to the suit; and this view of the case, we think, disposes of the question as to whether the sheriff is a necessary party to the appeal or writ of error.

Another reason assigned in support of the motion to dismiss is that the record was not filed "at least ten

days before the 1st day of the January term, A. D. 1889, of said supreme court." The record was filed on the twenty-seventh day of December, 1889, and the court convened on the sixth day of January, 1890. We think this is a substantial compliance with the rule. If we include either the day of filing or the day on which the court convened, we have the period of ten days, which meets the requirement of the statute. Let the motion be denied.

*FILING of record.*

O'BRIEN, C. J., and McFIE, LEE, and SEEDS, J. J., concur.