# Copeland v. Dixie Lumber Company.

## Mechanics or Material-man's Lien.

### (Decided Dec. 19, 1911.   57 South. 124.)

1. *Mechanics' Lien; Judgment Against Owner.*—In an action to enforce a mechanic's lien for materials furnished a contractor and used by him in the erection of a house, no personal judgment can be properly rendered against the owner unless he contracted with the material-man to pay for the material.

2. *Same; Judgment Against Contractor.*—Under section 4770, Code 1907, upon proof of an indebtedness against a contractor for materials furnished him and used in the building, a plaintiff is entitled to a personal judgment against the contractor and a lien for any unpaid balance due by the owner to the contractor.

3. *Same; Enforcement; Evidence.*—The evidence in this case held sufficient to show that the materials furnished by plaintiff were used in constructing the owner's residence.

4. *Same; Judgment; Right to Complain.*—Where the proceedings is against both the contractor and the owner to enforce a mechanics' lien, the owner cannot complain of a personal judgment against the contractor, and where the contractor does not defend the suit and reserves no exceptions on appeal, the judgment is final, and a reversal by the appellate court of the judgment rendered against the owner will not in any way affect the judgment rendered against the contractor.

5. *Husband and Wife; Notice to Owner.*—Where the husband is authorized to act for the wife in all matters connected with the erection of a building upon her land, a notice by the firm furnishing the material of an unpaid balance, and that they would look to the owner for payment of the bill out of any unpaid balance due the contractor was sufficient to bind the wife if served upon the husband.

6. *Trial by Court; Evidence.*—When a case is tried by the court without the intervention of a jury, it is the duty of the court to weigh and consider the evidence just as if it were a jury, and to draw therefrom all natural inferences which a man of ordinary observation and intelligence would probably draw.

7. *Appeal and Error; Judgment to Support; Parties.*—A final judgment ascertaining separate sums to be paid severally by several of the recognizors, will not support a joint writ of error.

8. *Same; Finding of Court.*—Where the finding of the trial court is supported by the evidence its conclusion as to all matters over which it has jurisdiction, and the judgments as to all such matters will not be disturbed on appeal unless plainly erroneous.

[Copeland v. Dixie Lumber Company]

9. *Supersedeas; Bonds; Liability.*—Where the appeal is taken by the owner alone from a proceeding to enforce a mechanics' lien and the appeal bond shows that she only appealed from that part of the judgment in which she is interested, such supersedeas will not affect the judgment against the contractor, and neither the owner nor her sureties on said bond will be liable for the judgment against the contractor.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFORD BERNEY.

Action by the Dixie Lumber Company against Genevieve Copeland and Karl Graf, to enforce a mechanics' and material-man's lien. From a judgment for paintiff, the defendant-owner Copeland appeals. Corrected and affirmed.

ERWIN & McALEER and J. IRVIN BURGETT for appelland. The plantiff was not entitled to a personal judgment against the owner, as it was shown that no contract was made with her. The most that could be done was to render a judgment fastening a lien on her property for an unpaid balance due the contractor.—Sec. 4770, Code 1907—*May Thomas Hdw. Co. v. McConnell*, 102 Ala. 579. Under the evidence the court erred in rendering personal judgment condemning the property. The burden of showing that the lumber shown by the bill filed in the probate court went into the building was on plaintiff.—*Cook v. Home B. Co.*, 98 Ala. 413; *Globe I. R. & Co. v. Thacher*, 87 Ala. 458. There is no lien for unused material.—*Lee v. King*, 99 Ala. 246; *Porter v. Lee*, 105 Ala. 368. Notice to the owner coming from the husband is not sufficient. It was shown that the house was built on the lots described.—*Euf. W. W. Co. v. Addyston Pipe Wks.*, 89 Ala. 556.

FITTS & LEIGH for appellee. Where the judgment is joint, all parties to it must be brought into court, or the judgment will be dismissed.—*Mussina v. Cavazos*, 6 Wall. 355; *Farr & Simpson v. The State*, 6 Ala. 794;

*Germain v. Mason,* 12 Wall. 259; 2 Cyc. 760. An appeal cannot be taken from a part only of the judgment.—
*Booker v. Jemison,* 4 Ala. 408; 2 Cyc. 589; *Eslava v. Farley,* 72 Ala. 214. Judgment was properly rendered against the owner.—Sec. 4770, Code 1907. A general exception to a ruling cannot prevail if a part of the ruling is correct.—*Irvin v. The State,* 50 Ala. 181; *Elliott v. Dyke,* 78 Ala. 150; *Syndicate I. Co. v. Catchings,* 104 Ala. 176; *Millikin v. Maund,* 110 Ala. 332; 41 N. E. 453; 42 N. E. 389 44 N. E. 256. The assignment that the judgment is excessive will not be noticed on appeal.—
*Smith v. Dick,* 95 Ala. 311; 2 Cyc. 708. If the judgment was erroneous, it will be corrected and affirmed.—
*McGeever v. Harris,* 148 Ala. 503. The findings of the court will no more be reversed that will the findings of the jury if supported by the evidence.—*McIntyre L. & E. Co. v. Jackson L. Co.,* 51 South. 767. *Baumhauer v. Mobile U. S. Co.,* 52 South 732. The complaint claimed a personal judgment against the owner, and she went to trial on the complaint, and cannot now be heard to complain.

DE GRAFFENRIED, J.—The Dixie Lumber Company brought this suit against Karl Graf and Genevieve Copeland. It appears from the complaint that Karl Graf was a contractor, and that he made a contract with Genevieve Copeland to build her a residence on certain land in the city of Mobile, which is described in the complaint and referred to in the evidence as lot 6 and south half of lot 5 on Providence street. The Dixie Lumber Company furnished certain lumber to Karl Graf to be used by him in erecting said residence, and on the 28th day of December, 1907, the said lumber company delivered to William A. Copeland, the husband of Genevieve Copeland, a notice, which was as follows: "Messrs. Wm. A .and G. G. Copeland, Mobile, Alabama—Dear Sirs: This is to

[Copeland v. Dixie Lumber Company]

notify you that we hold a claim against Mr. Karl Graf, your contrcator, for the sum of $419.15, being the correct balance for material furnished by us for your residence in Providence street. We wish to notify you that we shall look to you for the payment of this bill out of any unpaid balance you may have, due the said Karl Graf now or upon completion of the contract. Yours truly, Dixie Lumber Company, F. M. Jeffries, Sec. & Treas." On the 8th of January, 1908, the said lumber company filed its declaration of lien in the office of the probate judge of Mobile county, which declaration was sworn to before a notary public, and claimed a lien for $419.15 on any unpaid balance due by Genevieve Copeland and William A. Copeland to Karl Graf for that much lumber furnished by said company to Karl Graf "to be used in the construction of a house for Genevieve Copeland and her husband, William A. Copeland, on lots 6 and south half of 5 on Providence street, in Mobile, Alabama." The plaintiff in the complaint sued for "a money judgment against the said defendant, Karl Graf, for the amount due by him, and for a money judgment for the unpaid balance due from Genevieve Copeland to the said Graf and the establishment of a lien against the above-described property of the defendant Copeland and for an order of condemnation and sale to satisfy the same." The case was tried without a jury, and the court, upon the evidence, rendered a judgment against Karl Graf for $551.40 and the costs of the cause, and a judgment against Genevieve Copeland for $337.40, and a judgment condemning the said residence and lots to the payment of the said judgment against the said Genevieve Copeland for said sum of $337.40 and the costs of the cause, and an order was made that the said residence and lands be sold for the satisfaction of said judgment so rendered against the said Genevieve Copeland and the costs of the cause.

It is therefore plain that in this suit the plaintiff not only sought, but actually recovered, a personal judgment against Karl Graf and also a personal judgment against Genevieve Copeland, and, in addition to these two personal judgments, obtained an order condemning the said lots and residence to be sold for the satisfaction of the judgment so rendered against the said Genevieve Copeland.

1. It is manifest that, under the allegations of the complaint, the plaintiff was not entitled to a personal judgment against Mrs. Genevieve Copeland for any sum. Mrs. Copeland had no contract, express or implied, with the plaintiff to pay it for its lumber. While the plaintiff in the complaint seeks a personal judgment against Mrs. Copeland, the allegations of the complaint show plainly that no personal judgment could properly be rendered in said cause against Mrs. Copeland. It is therefore manifest that the personal judgment rendered against Mrs. Copeland was void.—*May & Thomas Hdw. Co. v. McConnell*, 102 Ala. 579, 14 South. 768.

Under Section 4770 of the Code of 1907, the plaintiff was entitled to the personal judgment against Karl Graf which was rendered by the court against him, and the court also had jurisdiction under said section to establish a lien in favor of the plaintiff upon the lots and residence described in the complaint for the amount of any unpaid balance which the evidence showed was due by Genevieve Copeland to the said Graf on account of the materials furnished by the plaintiff to the said Graf and used by the said Graf in the construction of said residence and the costs of the cause.

So far as the judgment against Karl Graf is concerned, Mrs. Copeland had no right to complain of its rendition by the court, for, as to her, the said judgment was *res inter alios acta*. As Karl Graf did not defend the suit and made no objection to the rendition of a judgment

against him, and reserved, for our consideration, no exception to its rendition against him, that judgment is final, and a reversal by this court of the judgment rendered against Genevieve Copeland could not in any way affect the judgment against Graf.

A final judgment ascertaining separate sums to be paid by several recognizors will not support a joint writ of error.—*Howie & Morrison v. State,* 1 Ala. 113; *Farr v. State,* 6 Ala. 796.

3. After carefully considering all the evidence, we have arrived at the conclusion that the only error the trial court committed in this case was in rendering a personal judgment against Mrs. Copeland. It was fairly inferable from the testimony that in the matter of the construction of the residence appellant's husband was her agent, authorized to act for her in all matters connected with it, and we are of the opinion that there was, therefore, sufficient evidence in the case to authorize the court to hold that, when the notice was delivered to her husband on December 28th, it was delivered to an agent of appellant authorized by her to receive it and act for her in the premises. It was also fairly inferable that "lot 6 and the south half of lot 5" were, in fact, one residence lot, and that the residence was built on that land.

We are also satisfied from the evidence that the material bought by Graf from appellee went into appellant's residence, for Graf, who testified as a witness for appellant, swore that it all went into the residence "unless some of it was stolen." There was no evidence that any of it was stolen.

When a case is tried by a court without the intervention of a jury, the court must weigh the evidence in the same practical common-sense, business way in which a jury is authorized to weigh it, and must draw from it all the natural and commonsense inference which a man of ordinary observation and intelligence would probably

draw from it. In ancient times the jury came from the vicinage because the law presumed that jurors coming from the neighborhood of the parties would know something of them and would be in a better situation, on that account, to arrive at the real truth of the controversy than mere strangers. In the instant case the judge who tried the case and all the parties and witnesses resided in the city of Mobile, the property testified about was situated in the city, and the case was tried there.

The findings of the court were supported by the evidence, and for that reason its conclusions as to all matters over which it had jurisdiction to render judgment, and the judgment as to all matters over which it had jurisdiction, should not be disturbed on this appeal.—*McIntyre Lumber & Export Co. v. Jackson Lumber Co.*, 165 Ala. 268, 51 South. 767, 138 Am. St. Rep. 66.

The appeal bond shows that Mrs. Copeland only appealed from that part of the judgment of the court below in which she was interested. This she had a right to do. "Though several defendants may be affected by a judgment or decree, there may be such a separate judgment or decree against one of them that he can appeal or bring a writ or error without joining the other defendants."—*Germain v. Mason*, 12 Wall. 259, 20 L. Ed. 392. The appeal bond given by the appellant did not supersede the judgment against Graf, and she is not, nor are her sureties, liable on such bond for the amount of the judgment against him.—*Germain v. Mason, supra.*

5. It follows from what we have above said that in our opinion the judgment rendered by the court below against Genevieve Copeland personally is void and of no effect, and an order will be here made annulling the said personal judgment so rendered against appellant. With this correction the judgment of the court below is affirmed.

Corrected and affirmed.