## NELSON v. McELMOYL. (8 Div. 88.)

(Court of Appeals of Alabama. Nov. 13, 1923.)

Appeal and error ⟜148—Appeal from judgment purporting to be against one other than appellant not sustainable in absence of showing of identity.

A garnishee named S. B. N., claimant, as a party, and suggested that H. S. N. claimed the debt, but alleged that S. B. N. had filed claim thereto. The judgment entry in giving the title of the case named the principal defendant, the garnishee, and "S. B. N., claimant," as defendants. *Held*, in the absence of proof that S. B. N. and H. S. N. were the same person, the judgment was res inter alios acta as against H. S. N., and he could not appeal therefrom, hence the appellate court had no jurisdiction.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by G. D. McElmoyl against J. B. Nelson, with garnishment in aid of suit; S. B. Nelson, claimant. From the judgment, H. S. Nelson appeals. Appeal dismissed.

John W. Brown, of Boaz, and J. A. Lusk & Son, of Guntersville, for appellant.

D. Isbell, of Guntersville, for appellee.

In view of the opinion, it is not necessary that briefs of counsel be here set out.

BRICKEN, P. J. It appears from the record in this case that this is an appeal prosecuted from a judgment of the circuit court of Marshall county, in which *H. S. Nelson* is appellant, and G. D. McElmoyl is appellee. In the court below the case was styled "G. D. McElmoyl, Plaintiff, v. J. B. Nelson, Defendant, and Jas. Brice, Garnishee."

The answer of the garnishee purports to be in a case pending, wherein G. D. McElmoyl was plaintiff, J. B. Nelson was defendant, James A. Brice was garnishee, and *S. B. Nelson* was claimant. The answer of the garnishee, filed December 16, 1921, suggested that *H. S. Nelson* claimed the debt due from the garnishee to the defendant and that, on October 3, 1921, *S. B. Nelson* filed his claim in writing in the circuit court, by which the said *S. B. Nelson* claimed the note which evidenced the indebtedness of $1,000 due from Brice, the garnishee, to J. B. Nelson, the defendant.

The record does not show any claim that was ever filed by *S. B. Nelson* to said note. The record does show a claim filed by *H. S.*

*Nelson* to the note in question, in which he alleges that said note was transferred to him before the issuance of the writ of garnishment in said cause.

The judgment entry contained in this record is in the case of *G. D. McElmoyl v. J. B. Nelson*, James A. Brice, garnishee, and S. B. Nelson, claimant. This is the only judgment of the trial court set out in the record in this cause, and the pertinent inquiry is, Who was S. B. Nelson, the claimant, mentioned and named in said judgment entry? Immediately following the judgment entry in the record is the bill of exceptions in a case styled *G. D. McElmoyl v. J. B. Nelson*, James A. Brice, garnishee, and *H. S. Nelson*, claimant.

Were *H. S. Nelson*, claimant, and S. B. Nelson, who was named as claimant in the judgment entry, one and the same person? It does not so appear from the record in this case.

So far as the judgment against *S. B. Nelson*, claimant, is concerned, *H. S. Nelson*, has no right to complain of its rendition by the trial court, because, as to him, the said *H. S. Nelson*, said judgment was res inter alios acta. Copeland v. Dixie Lumber Co., 4 Ala. App. 230, 234, 57 South. 124.

The appeal bond, the citation of appeal, and certificate of appeal, set out in the record, are all in the case of G. D. McElmoyl, plaintiff, against J. B. Nelson, defendant, James Brice, garnishee, and *H. S. Nelson*, claimant. It therefore appears that the only judgment set out in the record is in a case wherein *S. B. Nelson* is claimant, and that the record does not show, or set out, any judgment wherein H. S. Nelson is claimant. The record failing to show that a judgment has been rendered against the appellant, it appears that this court is without jurisdiction to entertain this appeal, and, as a consequence thereof, a dismissal of this appeal must necessarily follow. Central of Ga. Ry. Co. v. Coursen, 8 Ala. App. 589, 62. South. 977; Borom v. Posey, 133 Ala. 666, 31 South. 1035.

Appeal dismissed.