# Porter & Co. *v.* Miles.

*Detinue to recover Steam Mill and Machinery by Material-man.*

1. *Lien of material-man; character of, and how perfected.*—The lien given by the statute to material men, is neither a *jus in re,* nor a *jus ad rem,* but simply a right to charge the property affected by it with the payment of the particular debt, in preference and priority to other debts, on compliance with the requisitions of the statute ; and it is inchoate until perfected by the rendition of a judgment *in rem,* in the mode pointed out by the statute.

2. *Same; what complaint in action to enforce must contain.*—In an action brought to enforce such a lien, the complaint must contain all the averments necessary to charge the debtor personally, and all the facts necessary to constitute the lien, and must describe the property sought to be charged.

3. *Same; what judgment thereon must contain.*—The judgment in such action must correspond with the complaint, and though founded on a complaint containing all the necessary statutory averments, is insufficient to perfect the lien, if it be only a judgment in the ordinary form in a personal action.


APPEAL from the Circuit Court of Mobile.

Tried before Hon. H. T. TOULMIN.

This was an action of detinue brought by Porter & Co. against Miles, to recover a steam saw mill and machinery. The defendant pleaded "*non detinet.*" On the trial, it appeared that Bickford erected a steam saw mill at the mouth of "Dog river," near Mobile, and bought various articles of Porter & Co. to be used about the mill. On December 20th, 1877, Porter & Co. filed their claim for the purpose of asserting their lien thereon, and suit having been brought, judgment was rendered in their favor for the amount of the claim. The complaint avers, that the defendant was the owner of a steam mill and machinery, describes it and gives its location, avers that materials were furnished by Porter & Co. for its erection and equipment, and that these materials were so used ; that Porter & Co. filed their claim, in accordance with the

[Porter & Co. v. Miles.]

statute, with the judge of probate of Mobile county ; that it was a just and true account after allowing all off-sets and discounts, &c. ; and avers that Porter & Co. have a lien on the mill and machinery under the statute. The judgment rendered in the case is in the ordinary form for a judgment by default in a personal action, with a writ of enquiry. An execution was issued on this judgment, which was levied on the mill and machinery. The property was sold under the execution and Porter & Co. became the purchasers. On the 9th of January, 1873, the Gulf City Foundry Company obtained a judgment against Bickford, under which the property in controversy was sold to the appellee, Miles, on the 6th of March, 1878. Miles went into possession of the property and held possession of it at the time Porter & Co. brought this action, viz : on February 20th, 1879. On the trial, the defendant insisted that Porter & Co. had included in their claim filed to assert a lien, articles for which the statute did not give a lien, and set out a number of them, but it is not necessary to set them out here. The court charged the jury, " that the right of lien extended to such materials only as ordinarily enter into, or are used in the construction of, such buildings, or improvements, as those on which the lien is claimed, and if they find from the evidence that the plaintiffs, in taking their judgment against Bickford, included in it any non-lien claims, that is, any claim for materials for which the law did not give them a lien, then as to plaintiffs' title, founded on their said judgment, they must find for the defendant ; and in determining this question, they could look at the record in the suit of Porter & Co. against Bickford (which included the complaint and judgment), in connection with the other evidence in the case." The defendant excepted to this charge, and assigns the giving thereof as error.

Thos. H. Price, for appellants.—The sale under the execution vested the title to the property in Porter & Co. The lien under which the appellants claim relates back to the time when it was filed, viz : December 20th, 1877, and is superior to the right obtained by the defendant, (appellee), by virtue of the purchase at the execution sale made on March 6th, 1878. Section 3447 of the Code is confined to persons who acquired their interests before the proceedings to enforce the lien are commenced. Any other construction would destroy the value of the law, by destroying the conclusiveness of judgments rendered under it. Judgments on such lien laws are conclusive on parties and privies.—*Bowan v. McGloughlin*, 45 Miss. 461 ; Phillips on Mech. Liens, § 395.

[Porter & Co. v. Miles.]

OVERALL & BESTOR, for appellee.—Appellee was not bound by the judgment rendered in favor of Porter & Co.—Code, § 3447. Hence he has the right to show that they had no valid lien. The judgment was by default, and Porter & Co. bought thereunder. They are therefore not *bona fide* purchasers for value. The validity of . their title may be enquired into. *Freeman v. Cram,* 3 Coms. (N. Y.) 369 ; Phillips on Mech. Liens, 248.

As the judgment was by default and appellants purchased thereunder, they must show that it was founded on a valid mechanic's lien. The charge of the court was correct.—Code, § 3440 ; 34 Me. 373 ; 42 Me. 77 ; Phillips on Mech. Liens, §§ 151, 255 ; 11 Missouri, 271.

BRICKELL, C. J.—The only instructions of the Circuit Court to the jury, to which exceptions were reserved, refer to the operation and effect of the judgment in favor of appellants against Bickford, as declaring and establishing a statutory lien because of materials furnished by appellants for the erection of the steam-mill, which would be prior in point of time, and, of consequence, superior in right, to the lien of the execution in favor of the Gulf City Foundry Company, at a sale under which the appellee became the purchaser of the chattels. We shall not enter on the inquiry, whether a statutory lien can be acquired on chattels, which will follow them when dissevered from the freehold, or from the *buildings, erections,* or *improvements,* into which they may have been introduced. If it is conceded that such a lien may be acquired, it is by force of the statute only ; and to its creation, preservation, and enforcement, a strict compliance with the statute is essential. The lien is not property, or a right in or to property : it is neither a *jus in re* nor a *jus ad rem.* It is simply a right to charge the property it affects, with the payment of the particular debt, in preference and priority to other debts, so far as the statute confers such preference, if all the requisitions of the statute are observed. Of itself, when the statutory requisitions to its creation are observed, it has not the force and effect of a judgment, and is not *self-enforcing,* or *self-executing.* Until a judgment is obtained, in the mode pointed out in the statute, it is inchoate ; and it is as dependent, for operation and effect, upon the rendition of a judgment, as the statute directs, as is the lien created by the levy of an attachment upon the rendition of judgment in the attachment suit.—Phillips Mechanic's Liens, § 9.

To render the lien effectual, the statute provides a suit at law, as in ordinary civil actions, with these exceptions. The complaint must not only allege all the facts necessary to

charge the debtor personally, but it must also aver the facts necessary to secure a lien, and a description of the property to be charged therewith. Not only the parties to the contract, but all persons having an interest in the matter of controversy, or in the property to be charged, may be made parties ; the proceedings binding only such persons as are made parties. The judgment, if it is to operate otherwise than as *in personam* (upon the person of the debtor),—must describe the property charged with its payment, and direct that it be levied of such property. The execution, issuing on it, is a *special fieri facias,* conforming to it.—Code of 1876, §§ 3446–47–50–53. The judgment contemplated by the statute, so far as it declares, establishes, and authorizes the enforcement of the lien, is a judgment strictly *in rem.* It is the liability of the property which is fixed—the charge upon it which is intended to be enforced.—*Ravisies v. Stoddart,* 32 Ala. 603.

It may be true that the complaint, in the action commenced by the appellants against Bickford, avers all the facts necessary to the creation of the statutory lien, and that upon proof of these facts a judgment ought to have been rendered as the statute directs, under which the lien could have been enforced. The judgment rendered, however, was *in personam* only, and not *in rem.* The property to be charged is not mentioned or described in it, nor any reference made to it ; nor has it any element, or characteristic, which can distinguish it from an ordinary judgment *in personam,* rendered in an ordinary action *ex contractu.* There is nothing attaching it to the property described in the complaint, or to any particular property of the defendant. A special *fieri facias,* the remedy for the enforcement of the statutory lien, could not issue upon it. Such a writ would not conform to, but would be an unwarranted departure from it. It is apparent, therefore, that the lien claimed by the appellants under the statute, is not established by this judgment, and if, when established, it would have precedence over the lien of the execution under which appellee deduces title, the precedence is dependent upon a judgment which has not been obtained. Consequently, if there was error in the instructions given the jury (which we incline to the opinion are correct), it was error without injury to the appellants.

Affirmed.