VIVIAN JAMES *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.     January 11, 1909. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Negligence, Res ipsa loquitur.   Street Railway.   Evidence,* Presumptions and burden of proof, Relevancy, Of statements of agent. *Agency.   Attorney at Law.*

The fact, that an electric street car transporting passengers left the track near the end of a bridge and turned around almost at right angles to the track, is in itself evidence of some kind of negligence for which the corporation operating the car is responsible.

In an action against a corporation operating a street railway for personal injuries, if it appears that a car of the defendant in which the plaintiff was a passenger left the track near the end of a bridge and turned around so as to stand almost at right angles to the track, and there is evidence of an irregularity in the track at a joint between two rails at the point where the car left the track, there is nothing in these facts to show any defect or want of repair in the car, and it is

error for the presiding judge to refuse to instruct the jury that there is no evidence to warrant a verdict for the plaintiff on a count in which the only negligence alleged is in suffering the car to be in an improper and unsafe condition.

In an action by a woman against a corporation operating a street railway for personal injuries received while being transported as a passenger in a car of the defendant, if the plaintiff claims damages for suffering from hysteria which she imputes to the accident, and the defendant offers the testimony of a physician to show the condition in which he found the plaintiff's mother when making an examination of her, there being previous evidence that heredity is a common cause of hysteria, the presiding judge properly may exclude the evidence, if the defendant does not make an offer of proof to connect it with the plaintiff's hysterical condition by showing that such condition was inherited wholly or in part from her mother instead of being caused by the accident.

In an action by a woman against a corporation operating a street railway for personal injuries alleged to have been received while being transported as a passenger in a car of the defendant, the defendant should be allowed to show, as evidence of the plaintiff's physical condition before the accident, that an attorney at law, who was employed by the plaintiff to prosecute a claim for her a short time before the accident, when called upon to state the claim to the attorney of the man on whom the claim was made, said that she claimed damages because of her physical condition produced by this man to her detriment, the statement of the claim being within the scope of the employment of her attorney employed to make it.

KNOWLTON, C. J.   The plaintiff was injured while being transported as a passenger in one of the defendant's electric cars which left the track for some unknown cause.   In her action to recover damages for the injury the declaration contained three counts, the first of which was treated at the trial and described in the bill of exceptions as alleging negligence on the part of the persons operating the car; the second alleged negligence in suffering the car to be in an improper and unsafe condition, and the third alleged negligence as to the condition of the track and the roadbed.   On inspection of the first count we are of opinion that it is broad enough to include any kind of negligence, on the part of the defendant or its servants, which caused the accident.

At the trial the plaintiff relied largely upon the fact that the car went off the track near the end of a bridge, and turned around, so as to stand almost at right angles to the track, as evidence of negligence under the doctrine *res ipsa loquitur.*   At the close of the evidence the defendant's counsel requested an instruction to the jury, as to each count of the declaration, that the plaintiff was not entitled to recover under that particular count.   These requests were refused, and the case was submitted

to the jury generally, and they returned a general verdict for the plaintiff. It is impossible to tell on which count the verdict was found, or whether the finding was for the plaintiff on each count. There was evidence to warrant a verdict for the plaintiff on the first count; for the mere fact that the car left the track in the manner described was enough to justify a finding of negligence of some kind for which the defendant was responsible. It is a question of more difficulty whether there was any evidence to warrant a finding that the accident was caused by the improper condition of the track, as distinguished from other causes. There was some testimony of an irregularity in the track at a joint, between two rails, and that the car left the track at that point; but there was absolutely no evidence of any defect or want of repair in the car itself. Considering the case in reference to the second count alone, it is plain that there was no evidence that would warrant the jury in finding proof of the facts alleged. If there are different kinds of negligence that might cause an accident, the fact that the accident happens from some unknown cause is not enough to show that it happened from some particular cause, alleged in a particular count of the declaration. This was expressly decided in *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367, and it follows from the general principles on which the doctrine *res ipsa loquitur* is founded. *Pinney* v. *Hall*, 156 Mass. 225. *Thomas* v. *Boston Elevated Railway*, 193 Mass. 438. *Curtin* v. *Boston Elevated Railway*, 194 Mass. 260. *Cassady* v. *Old Colony Street Railway*, 184 Mass. 156. The request that there was no evidence to warrant a verdict for the plaintiff on the second count should have been given.

The defendant contends that the evidence of a physician, as to the condition in which he found the plaintiff's mother on examination of her should have been admitted, because of evidence that heredity is a common cause of hysteria, with which the plaintiff was afflicted, and which she imputed to the accident. Assuming that there might have been a condition of the plaintiff's mother of such a kind as to be competent evidence on the question whether the plaintiff's condition was caused by the accident, or was inherited wholly or in part from her mother, the defendant's counsel did not go far enough to indicate that

he could prove such a condition. He made no offer of proof, and for this reason we think the question was rightly excluded.

The other question of evidence, argued by the defendant, relates to the offer of the defendant to show, as evidence of the plaintiff's physical condition before the accident, that an attorney who was employed by the plaintiff to prosecute a claim for her, a short time before the accident, was called upon to state the claim to the attorney of the man from whom she sought to recover, that the attorney then said that she claimed damages because of her physical condition, produced by this man to her detriment. The particulars of the evidence do not appear, as the question comes before us on an offer of proof, the witness not having been permitted to testify what the attorney said in regard to her physical condition, when he was stating her claim, founded either wholly or in part upon this condition. The questions and the offer bring the case within the decision in *Loomis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 39. The attorney was her agent and representative, acting in her business. What he said or did within the scope of his employment must be presumed to have been done under her instructions, and it is evidence which may be used against her, differing only in weight, but not in competency, from her personal words and acts. In the case just cited is this language : "An attorney . . . employed to present and collect a claim is impliedly authorized to state to the debtor what the claim is. The plaintiff could not have expected that her attorney would collect her claim from the defendant on demand, without stating the nature and particulars of it, so that the defendant could understand it, and make an investigation in regard to its validity." It was held that a letter from the attorney, stating the particulars of his client's claim, was evidence that could be used against her on the trial. The evidence of the claim presented by the plaintiff's authorized attorney should have been admitted in the present case.

*Exceptions sustained.*

*H. D. McLellan,* for the defendant.
*R. H. Sherman,* for the plaintiff.