HARRINGTON BROS., Inc., v. CITY OF NEW YORK et al.

District Court, S. D. New York.
July 22, 1931.

James Rosthal, of New York City, for complainant.

Bijur & Herts, of New York City (Harry Bijur, of New York City, of counsel), for defendant John J. Kelly, Inc.

Baar, Bennett & Fullen, of New York City (John P. Hurley, of New York City, of counsel), for defendants Slattery Daino Co., Inc., and Continental Casualty Co.

WOOLSEY, District Judge.

I give the plaintiff a decree herein with a reference to a master to compute the damages, if the parties cannot agree thereon.

I. This case, which was before me once previously on a motion by a judgment creditor of the plaintiff to intervene, Harrington Brothers, Inc., v. City of New York, 35 F. (2d) 1009, is now before me on trial.

There are two questions now involved herein:

(1) The validity of the mechanic's lien, on which the jurisdiction of this court in equity herein depends.

(2) The right of the complainant to a recovery against John J. Kelly, Inc., on the facts shown.

II. I hold that the lien was valid.

The notice of lien which was served under section 12 of the Lien Law of New York, at the department of finance of New York City, on the assistant deputy comptroller, on June 14, 1929, at 2:20 p. m., and entered on the audit lien docket of said department at 2:41 p. m. on said date, reads as follows:

"Notice under Mechanic's Lien Law

"Comptroller of the City of New York, and to all others whom it may concern:

"Please take notice, and the undersigned hereby states:

"That Harrington Bros., Inc., is a corporation organized under the laws of the State of New Jersey, residing at and with business address and principal place of business at 590 Montgomery Street, Jersey City, New Jersey, and with its principal place of business within the State of New York at 1211 Wyatt Avenue, Borough of Bronx, New York City.

"That it has and claims a lien for the principal and interest of the value and price of the labor and materials hereinafter mentioned upon the moneys in the control of the City of New York and upon the moneys of such municipal corporation applicable to the construction of the public improvement hereinafter mentioned, to the extent of the amount due or to become due under and on the contract with said municipal corporation hereinafter described, and hereby further states:

"1. The name of the sub-contractor for whom the labor was performed is John J. Kelly, Inc. and Slattery Daino Co., Inc. is the contractor with the City of New York.

"2. The amount due the lienor is $9,151.50, and the date when due is the 31st day of March, 1929.

"3. A description of the public improvement upon which the labor was performed is as follows: Section 4, Route 106, Municipal Rapid Transit under-ground railroad excavation and construction extending along the Grand Boulevard and Concourse, between 175th and 183rd Streets in the Borough of Bronx, City of New York.

"4. The kind of labor performed is as follows: furnishing trucks and labor for removal of excavated material.

"5. A general description of the contract pursuant to which such public improvement was constructed is as follows: Contract with Slattery Daino Co., Inc. as contractor, dated December 3, 1928, covering Route 106, Section 4, known as the Concourse Route of the Municipal Rapid Transit Railroad subway.

"6. The time when the first item of work was performed was March 1, 1929, and the time when the last item of work was performed was March 31, 1929.

"7. This notice is filed pursuant to the Mechanic's Lien Law of the State of New York, and all acts of the legislature of the State of New York amending or extending the same, or providing for filing mechanic's liens on account of public improvements. The labor aforesaid was performed for the construction of said public improvement pursuant to said contract with said municipal corporation.

"8. Thirty days have not elapsed since the completion and acceptance of the construction of said public improvement.

"Dated, June 13, 1929.

"Harrington Brothers, Inc.

"By James Vincent Harrington, Treas."

This lien was duly bonded and discharged on June 20, 1929, on filing with the comptroller of an undertaking given by defendant Continental Casualty Company, duly approved by an order of the Supreme Court of New York.

It developed on the trial herein that payment for the work done each month was made according to the informal arrangement

existing between the complainant and Kelly on the 10th of the month following; consequently the defendants claim that the notice of the date when the amount claimed was due is subject to a fatal variance and the notice of lien is thereby made invalid.

But it is quite clear that the inaccuracy as to this date was not intentional and consequently must be deemed a venial mistake.

Notice under the Lien Law is supposed to be given by laymen, and its purpose is to make his pay secure to the workman. In view of section 23 of the Lien Law, which requires, in order to accomplish this result, a liberal construction of the notice and provides that "a substantial compliance with its several provisions shall be sufficient for the validity of a lien and to give jurisdiction to the courts to enforce the same," it seems to me that to hold the notice of lien in this case invalid for this minor and immaterial inaccuracy would be to defeat, in this case, the purpose of the Lien Law, without any real reason for so doing.

My decision that this lien is valid notwithstanding the mistake as to the due date of the payment is supported by the principles of construction laid down for such notices in Goldberger v. 74 Second Avenue, 252 N. Y. 336, 342, 343, 169 N. E. 405; Ringle v. Wallis Iron Works, 149 N. Y. 439, 442, 443, 446, 44 N. E. 175.

In the last-mentioned case, O'Brien, J., dealt with the kind of criticism of the notice which I have heard in this case, as follows, at page 446 of 149 N. Y., 44 N. E. 175, 177: "The statement was not, in fact, strictly correct; but it by no means follows that it was false in a legal sense. When we bear in mind that such contracts are often executed by agents and employees, and that they are not always expressed in terms so clear and explicit as to be free from doubt or ambiguity, it must be an exceptional case where an appellate court will be warranted in assuming that an incorrect statement in the notice that the contract has been performed, or that the contract price is due, is a false statement, within the meaning of the rule. In this case the view of the court at special term that it was the result of an honest error is the more reasonable and just conclusion." Cf., also, Schwartz & Co., Inc., v. Aimwell Company, 204 App. Div. 769, 772, 773, 198 N. Y. S. 838, and Barrett v. Schaefer, Jr. & Co., 162 App. Div. 52, 55, 57, 146 N. Y. S. 1056.

Intentional or willful misstatements are, of course, held to vitiate a notice of lien.

Aeschlimann v. Presbyterian Hospital, 165 N. Y. 296, 302, 303, 59 N. E. 148, 80 Am. St. Rep. 723.

Here there is not the scintilla of a suggestion that the mistake in the due date was willful or intentional.

It would be a curious result on this vague record if this lien, which is the only really fixed and clear bit of evidence in it, should go by the board.

III. The arrangement between Harrington, the complainant, and Kelly, was oral and of the most informal kind.

In my opinion, it was a promise, but not a binding contract, by Kelly to use Harrington's trucks as he needed them to take excavated materials away from the scene of the Slattery-Daino Company's operations on the subway.

There was not even a promise to use a fixed number of trucks.

Indeed, at the commencement of the operation the charge for each truck load was not fixed until after the trucks had begun working.

The result is that the arrangement here comes within the well-known category of so-called "requirement contracts," in which, if the requirement is not based on a fixed or a priori reasonably ascertainable requirement but depends on the wish, will, or whim of one of the parties, the so-called contract is not binding on either party as to future performance, although for material or services actually furnished an action is maintainable. Cf. American Cotton Oil Co. v. Kirk et al., 68 F. 791 (C. C. A. 7); Crane et al. v. C. Crane & Co., 105 F. 869, 873 (C. C. A. 7); Cold Blast Transp. Co. v. Kansas City Bolt & Nut Co., 114 F. 77, 81, 82, 57 L. R. A. 696 (C. C. A. 8).

So here, under the principle laid down in those cases, for the trucks furnished by Harrington to Kelly during March, 1929, Harrington is entitled to recover. This is so, notwithstanding Harrington's failure to continue the work after March 29th, for the legal result of the arrangement between Harrington and Kelly was that Harrington was not bound so to continue it.

IV. The first four counterclaims were not pressed at the trial, and no proofs put in to support them. They are therefore dismissed.

The fifth counterclaim for storage was admitted by the plaintiff, although the precise amount due was left open, as I understand the stipulation.

V. An order may be entered providing that this memorandum shall stand as the findings of fact and conclusions of law herein. Briggs v. United States, 45 F.(2d) 479, 480 (C. C. A. 6); Lewys v. O'Neill (D. C.) 49 F.(2d) 603, 618; and cf. The El Sol and The Sac City (D. C.) 45 F.(2d) 852, 856, 857.

VI. If the parties cannot agree as to the amount to be allowed to the plaintiff hereunder, the suit will be referred to a special master to fix the damages. Settle orders on two days' notice.