(137 So. 31)
### ESTES LUMBER CO. v. INVESTORS' SYNDICATE et al.
### 6 Div. 873.

Supreme Court of Alabama.

Oct. 8, 1931.

W. Emmett Perry, of Birmingham, for appellant.

London, Yancey & Brower and Jim C. Smith, all of Birmingham, for appellees.

GARDNER, J.

Appellant filed this bill against S. M. Casey, as owner of the property, and Investors' Syndicate, a corporation, holding a mortgage thereon, to enforce a materialman's lien and have its superiority declared over the mortgage of the Investors' Syndicate. Defendant Casey offered no defense, nor did one Bond, also made a party defendant. The Investors' Syndicate offered two defenses: First, that the suit was barred by the statute of limitations; and, second, that complainant was estopped to claim otherwise. Upon consideration of the cause for final decree on pleadings and proof, the chancellor awarded complainant a personal decree against Casey for the amount claimed due, but denied any relief as to the establishment of a lien on the house and lot, and from such decree complainant prosecutes this appeal.

The sum claimed by complainant is for a balance due for material furnished by complainant to Casey, the owner of the property, for the erection of the house. Complainant was an original contractor and the filing of a verified statement under section 8836, Code 1923, within six months of the accrual of the indebtedness, was within time. Gilbert v. Talladega Hardware Co., 195 Ala. 474, 70 So. 660; Morris v. Bessemer Lumber Co., 217 Ala. 441, 116 So. 528, Ingram v. Howard, 221 Ala. 328, 128 So. 893.

The lien is lost, however, unless suit for the enforcement thereof is commenced within six months after the maturity of the entire indebtedness secured thereby. Section 8855, Code 1923.

Defendant (to so designate the Investors' Syndicate) insists the indebtedness matured March 18, 1927. The bill was filed October 3, 1927, and, if the maturity date of March 18th is correct, the defense of the statute of limitations is established. The indebtedness was evidenced only by an open account. A complete itemized statement of the account was delivered by complainant to one Wightman, a lawyer, for collection, with full authority to take all necessary steps to that end, and, in so doing, Wightman was acting as complainant's agent. On July 22, 1927, Wightman filed in the probate office a statement of this account duly verified by his own affidavit, in which the amount claimed is fixed at $428.57, "with interest at eight per cent. from to-wit, 18th day of March, 1927." Such was the date of the last delivery of material. The bill filed in this cause likewise avers the amount due as $428.57, "with interest at eight per cent. from March 18, 1927." There is no averment as to the maturity of the indebtedness other than above indicated in the verified statement and the bill showing a claim of interest from March 18, 1927.

"Interest attaches as an incident to the debt or money demand, and begins to run after maturity, in the absence of a contrary stipulation in the instrument evidencing the debt." Scott v. Thomas, 211 Ala. 420, 100 So. 778, 779. "Unless there is an agreement to the contrary, interest attaches as an incident to a debt or money demand, * * * from the time of its maturity or when payment is due or may be demanded." Zimmern v. Standard Motor Car Co., 205 Ala. 580, 88 So. 743, 747. See, also, 33 Corpus Juris, 230. As, therefore, inter-

410

est attaches as an incident to the debt only from the time of its maturity, it must logically follow that one claiming interest on an open account from a given date intends to say and in effect does say that the debt matured on that date.

So considered, therefore, the bill avers, and likewise the verified statement in the probate office, that the debt matured March 18, 1927. And, indeed, the written evidence of the transaction adds corroboration to this fact, for the estimate of the material made in January preceding, and which in fact constituted the purchase thereof, states on its face that the terms are cash, and the account offered in evidence discloses that on March 18, 1927, there was a credit of $900 which was evidently out of the mortgage loan which Casey had secured.

We have not overlooked the testimony of witnesses for complainant who now state there was an oral agreement that the indebtedness should not mature until thirty days after the completion of the job, but we feel impressed with the view that this is more an afterthought, and that the maturity of the debt was as stated in the verified statement and in the bill in' this cause. The verified statement was by a duly authorized agent, and was an admission as to the maturity of the indebtedness in rather solemn form, and it is very generally held that admissions by such an agent, if acted upon by a third person to his injury, are binding upon the principal. 2 Corpus Juris, 856; King v. Livingston' Mfg. Co., 180 Ala. 118, 60 So. 143; Kendrick v. Colyar, 143 Ala. 597, 42 So. 110; James v. Boston Elevated R. Co., 201 Mass. 263, 87 N. E. 474.

It appears from the uncontradicted proof that, when defendant's counsel discovered the verified statement on file, he looked to ascertain if suit had been brought. This was on October 3, 1927. Finding no suit pending, he called upon Wightman and stated to him that, as the lien statement claimed interest from the 18th of March, 1927, and as no suit had been filed on that date, October 3d, it appeared the lien had been lost, and Wightman agreed this was correct if the bill had not been filed. The bill was filed that day. There was no claim then made that the interpretation of defendants' counsel of the lien statement as to the maturity of the debt was not correct, but, on the other hand, it was confirmed; nor was there anything in the conversation had by him with complainant's counsel tending to a different conclusion. Acting upon the language of the lien statement and his conversation with complainant's authorized agent, confirmed by his own search of the records, defendants' counsel advised that complainant had no lien and defendants' subsequent conduct in regard to the property was based thereon, and that a contrary result would work to defendants' prejudice is not questioned.

Not only should the admission of complainant's authorized agent therefore be held binding, under the circumstances here disclosed (authorities supra), but the case appears to present all the essential elements of an estoppel (Brown v. French, 159 Ala. 645, 49 So. 255; 11 Alabama & Southern Digest pages 470, et seq.; 22 Corpus Juris, 342; Green v. Williams, 92 Tenn. 220, 21 S. W. 520, 19 L. R. A. 478; Ohio & M. R. Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693).

Viewed as to either aspect of the defense interposed, we are of the opinion the decree rendered was justified by the proof, and it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.