59 So.2d 795

**BURGE et al. v. MORGAN.**

**3 Div. 630.**

Supreme Court of Alabama.

June 30, 1952.

Jack Crenshaw and R. S. Hill, Jr., Montgomery, for appellants.

Ben Hardeman and Hartwell Davis, Montgomery, for appellee.

LAWSON, Justice.

This bill was filed in the circuit court of Montgomery County, in equity, by Angus Morgan, an original contractor, against Sam Burge, Frederick B. Fannin, Fred Fannin, Jr., Curtis Fannin, and Maxwell Motor Court, Inc., a corporation, to enforce the statutory lien given by § 37, Title 33, Code 1940, and for other relief.

Section 48, Title 33, Code 1940, gives to a lien claimant a concurrent remedy in equity. The lien is a creature of statute and not contract. Floyd v. Rambo, 250 Ala. 101, 33 So.2d 360.

From a decree overruling their demurrer to the bill, the respondents have appealed to this court.

Appellants argue that the trial court erred in overruling those grounds of their demurrer taking the point that the bill of complaint is insufficient in its allegations of performance by the complainant of a construction contract.

The bill avers, in substance, that complainant and respondents Sam Burge and Frederick B. Fannin entered into a contract whereby it was agreed that complainant would build for said respondents a tourist court in Montgomery County, Alabama, the complainant to furnish all the materials and to perform all the work. It is alleged in the bill as follows:

"That your complainant has substantially performed said contract in full in accordance with its terms and specifications and that the respondents and each and all of them have failed and refused to pay your complainant the balance due him upon said contract price. That Sam Burge and Frederick B. Fannin in said contract promised and agreed to pay to said complainant the sum of $49,500.00 and that final payment of any balance due to complainant would be paid by them 30 days after substantial completion of the work by the complainant. That on to-wit, June 30th, 1950, the complainant had complied with said contract and had substantially completed the work called for thereunder, and that there now remains due of said sum to your complainant the sum of towit, $5,507.-

65, after all just credits have been given, which sum of money together with the interest thereon is still due and unpaid."

The contract was not set out in the bill or made an exhibit thereto, but its terms are sufficiently stated. The complainant predicates his right to recover on the basis of the debt due for work and labor done and material furnished at the instance of the respondents Sam Burge and Frederick B. Fannin, and under circumstances which entitle him to a lien under the statute. On the facts averred a recovery could be had on the common counts and, when taken in connection with the averment showing a compliance with the statute in respect to filing the verified statement, the bill was sufficient. Roobin v. Grindle, 219 Ala. 417, 122 So. 408.

The complaint alleges that the contract provided that complainant was to be paid the balance due him thirty days after *substantial* completion of the work and further avers that "complainant has substantially performed said contract in full in accordance with its terms and specifications." Under the terms of the contract as alleged the averments as to performance are sufficient. What the proof may show as to the terms of the contract and as to the work performed thereunder is an entirely different matter.

The decree is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.