69 So.2d 288

**SKELTON v. SEALE LUMBER CO., Inc.**

**6 Div. 434.**

Supreme Court of Alabama.

Oct. 29, 1953.

Rehearing Denied Jan. 14, 1954.

Ray & Giles and Bryan Chancey, Birmingham, for appellant.

Lowe & Williams, Birmingham, for appellee.

GOODWYN, Justice.

Bill filed in the Circuit Court of Jefferson County, in equity, by appellee-complainant against appellant-respondent to enforce a materialman's lien given by Code 1940, Tit. 33, § 37. As a basis for the relief, the bill alleges the following:

"(2) Complainant and respondent entered into a contract or agreement on, to-wit, the 28th day of May, 1951, wherein complainant agreed to furnish building material to the respondent for the purpose of using the same in the construction of a dwelling house or improvement upon respondent's property, hereinafter described, at and for the price of Three Thousand Eight Hundred Six Dollars and Eighteen Cents ($3806.18).

"Complainant avers that in compliance with its part of said contract, it did furnish said material to the respondents for use in the construction of or improvement of the hereinafter described real estate, and said building material was used by the respondent in the construction of a building or improvement upon the hereinafter described property.

"(3) Complainant further avers that there remains unpaid of the purchase price of the building material so furnished, the sum of Three Thousand Eight Hundred Six Dollars and Eighteen Cents ($3806.18), with interest at the rate of 6% per annum from the 28th day of May, 1951, evidenced by an instrument in writing. Complainant avers that as a part of said instrument respondent waived her right to exemption as to personal property and agreed to pay a reasonable solicitor's fee, which complainant also claims. * * *"

The bill also alleges the filing in the office of the Judge of Probate of Jefferson County of the verified statement of lien as required by Code 1940, Tit. 33, § 41.

Respondent demurred to the bill on the ground that it fails to exhibit a copy of the alleged contract and that "the allegations of the bill as to the contract are vague, indefinite, uncertain and insufficient to appraise this respondent of the matters and things she is called upon to defend." From a decree overruling the demurrer,

this appeal is taken. Our view is that the demurrer was properly overruled.

 Although the contract is neither set out in the bill nor made an exhibit thereto, we think its terms are sufficiently stated. "It is permissible in pleading a contract to state its substance and legal effect." Schley v. Cleaners Hanger Co., 252 Ala. 430, 433, 41 So.2d 593, 596. And when a bill to enforce a materialman's lien avers facts sufficient to entitle complainant to recover on the common counts, and shows compliance with the Statute, Code 1940, Tit. 33, § 41, supra, requiring the filing of a verified statement of lien, the bill is sufficient. Burge v. Morgan, 257 Ala. 558, 560, 59 So.2d 795; Roobin v. Grindle, 219 Ala. 417, 418, 122 So. 408. Such is this case. Furthermore, the averments of the bill bring it within the statute giving the lien, Code 1940, Tit. 33, § 37, supra, the statute giving a concurrent remedy in equity, Code 1940, Tit. 33, § 48, and the statute prescribing how such a suit shall be brought and the contents of the complaint, Code 1940, Tit. 33, § 49.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and CLAYTON, JJ., concur.