115 So.2d 468

Claude BICE et al.

v.

R. L. BAINS BUILDERS, INC.

7 Div. 468.

Supreme Court of Alabama.

Oct. 29, 1959.

Geo. I. Case, Jr., and McGowen & Mc-Gowen, Birmingham, for appellee.

Adams & Adams, Birmingham, for appellants.

MERRILL, Justice.

Appeal from a decree overruling demurrer to appellee's bill seeking to establish a mechanic's and materialman's lien upon a building and the lot on which the building is located.

The two assignments of error are that the court erred in overruling the demurrer of (1) Claude Bice and (2) Margaret C. Bice to the bill of complaint.

These assignments are sufficient in equity as against an attack that they are too general. Hutto v. Copeland, 265 Ala. 482, 92 So.2d 30; Vinson v. Vinson, 256 Ala. 259, 54 So.2d 509.

■ Appellants argue that the description of the property does not comply with Tit. 33, § 45, Code 1940, in that the "one acre" is not definitely described. But the bill and the recorded statement of lien adequately described the land and meet the requirements of Tit. 33, § 41, Code 1940. Our cases are agreed that if the description of the improvement and the land on which it is situate is sufficiently described in the statement of lien and the bill of complaint, a lien may be enforced upon the improvement and the land on which the improvement rests, even though not as to the additional one acre. · Tanner v. Foley Bldg. & Mfg. Co., 254 Ala. 476, 48 So.2d 785; Fowler v. Mackentepe, 233 Ala. 458, 172 So. 266; Wood Lumber Co. v. Greathouse, 226 Ala. 644, 148 So. 125; Robinson v. Crotwell Bros. Lumber Co., 167 Ala. 566, 52 So. 733. The description employed in the claim filed in the probate office and that contained in the bill are definite as applied to the improvement and the land on which the improvement rests. And the lien may be enforced to that effect. Authorities supra.

Next appellants argue that the bill is uncertain and fails to inform appellants of the nature of the case they are called upon to defend.

■ The contract between appellee and appellants is made an exhibit to the bill. It provides, in part, that the "Contractor agrees to provide all the labor and materials and to do all things necessary for the proper construction and completion of the work shown and described on Drawings bearing the title Claude Bice Residence and numbered #1 and #2 and in Specifications bearing the same title, the pages of which are numbered ———." Appellants argue that since the plans and specifications are not included in the bill, that they are unable to prepare to defend the suit. This contention is without merit. The bill avers facts sufficient to entitle complainant to recover on the common counts and shows compliance with the statute, Tit. 33, § 41, Code 1940. When so, the bill is sufficient. Skelton v. Seale Lumber Co., 260 Ala. 179, 69 So.2d 288.

■ Lastly, appellants argue that the complainant materialman can have no lien on Mrs. Bice's property when the contract was between her husband and the materialman. True, the contract exhibited to the bill shows it to be signed only by the husband, but the bill specifically alleges that the property is owned jointly by Bice and his wife and that appellee "entered into a written contract with respondent, Claude Bice, acting for himself and as agent for his wife, Margaret C. Bice" etc.

Appellants' contention is answered in the early case of Ex parte Schmidt & Smith, 62 Ala. 252, as follows:

"* * * It does aver that he made the contract as her agent, and that the work was done on the house, and the materials furnished, for the immediate use, benefit and enjoyment of Mrs. Arnold, the wife, 'and that she is now enjoying the same as a residence for herself and family.' We think this is a substantial averment that Mrs. Arnold made the contract through her husband as agent, and that the building on which the materials and work were bestowed, were for the immediate use, enjoyment and benefit of Mrs. Arnold. This brings the case directly within the statute; and the complaint being unobjectionable in other respects, it must be adjudged sufficient. * * *"

The demurrer was properly overruled.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.