141 So.2d 173

Maurice **STOUGHTON**

v.

**COLE SUPPLY COMPANY, Inc., et al.**

6 Div. 737.

Supreme Court of Alabama.

May 10, 1962.

Geo. S. Wright, Tuscaloosa, for appellant.

Turner & Turner, Tuscaloosa, for appellees.

SIMPSON, Justice.

This is an appeal from a decree overruling a demurrer to a bill of complaint brought by the three appellees to enforce separate mechanic's and materialman's liens. The appeal was taken prior to enactment of Act No. 72, Special Session of the Legislature, 1961, abolishing appeals from rulings on demurrers in equity.

Appellant argues several grounds of demurrer relating to the sufficiency of the allegations contained in the bill of complaint as to the validity of the contracts among the parties, the description of the suit property, appellant's interest in the property, and other statutory requirements for the declaration of liens.

From a reading of the bill we find it presents a sufficiently clear and orderly statement of the facts which is the basis of the suit complying substantially with the requirements of the statute. Title 33, §§ 37, 41, 48, 49, and 50, Code 1940. It is not necessary to aver in terms that material was furnished under a contract with the contractor. It is enough that the facts

averred showed such contract, and that the materials were furnished for use in the building, Tisdale v. Alabama & G. Lumber Co., 131 Ala. 456, 31 So..729. A complaint on the common count for labor done and material furnished is sufficient. Whatley v. Reese, 128 Ala. 500, 29 So. 606. Here the bill alleges "That your Complainants,·as the original contractors with the Respondent, Maurice Stoughton, furnished building materials and labor which were used in the building, improvements, repairing or altering the dwelling house situated * * *. That said building materials were sold and furnished by Cole Supply Co., a corporation under and by virtue of a contract with said Maurice Stoughton, entered into on or about the 1st day of May, 1960 * * *." We think this sufficient as against the asserted demurrer. Skelton v. Seale Lumber Co., Inc., 260 Ala. 179, 69 So.2d 288; Bice et al. v. R. L. Bains Builders, Inc., 269 Ala. 662, 115 So.2d 468.

Appellant next complains that the property upon which the liens are claimed is insufficiently described. The bill sets out the description as follows:

"Lot No. Three (3) Echo Hills Subdivision, in the City of Tuscaloosa, County of Tuscaloosa, State of Alabama."

We do not believe that this ground of demurrer is well taken. It is sufficient if the description points out the premises, so that, by applying it, the land can be identified. Morgan v. Stokes, 252 Ala. 335, 40 So.2d 425; Fowler v. Mackentepe, 233 Ala. 458, 172 So. 266. The description of the lot upon which the improvements are situated is a sufficient description. Vesuvius Lumber Co. v. Alabama Fidelity Mortgage & Bond Co., 203 Ala. 93, 82 So. 107

The only remaining contention of appellant is that the appellees, one of whom is a materialman and the other two mechanics within the meaning of Title 33, § 37, Code, are improperly joined in presenting their separate claims. We do not agree.

It is apparent from the averments of the bill that the claims all arise from the making of improvements to appellant's real estate lot within a matter of a few days. There is but one parcel of real estate involved. The statute (Title 33, § 50) specifically provides that "all persons interested in the * * * property charged with the lien, may be made parties". Where separate and distinct claims involve but one principle of law and grow out of the same subject matter, there is no multifariousness when joined in one action. Equity Rule 15, Code. The avoidance of a multiplicity of law suits is to be encouraged.

We find no error in the rulings below.

Affirmed.

GOODWYN, MERRILL and COLEMAN, JJ., concur.