216 So.2d 716

NELSON WEAVER MORTGAGE COMPANY, Inc., et al.

v.

DOVER ELEVATOR COMPANY.

3 Div. 192.

Supreme Court of Alabama.

Nov. 21, 1968.

Geo. I. Case, Jr., and McGowen & McGowen, Birmingham, for appellants.

Albert W. Copeland and Godbold, Hobbs & Copeland, Montgomery, for appellee.

PER CURIAM.

Appellee, Dover Elevator Company, filed its bill of complaint in the circuit court of Montgomery County, in equity, to enforce an alleged mechanic's lien against certain property and the improvements thereon, which was owned by respondent Frontier, Inc., and upon which the respondents-appellants, Nelson Weaver Mortgage Company, Inc., and Cobbs, Allen and Hall Mortgage Company, Inc., held mortgages.

The facts, although in dispute on some points, show the following:

Frontier, Inc., is a real estate development and promotion corporation which acquired a tract of land on the corner of Court and High Streets in the City of Montgomery, Alabama, upon which it began to construct a building, referred to in the trial below, as the Miller Building. It is upon this land and building that the appellee, Dover Elevator Company, sought to establish a

lien. Dover Elevator Company, on February 5, 1963, submitted a written contract, to Frontier, Inc., in which it agreed to install an elevator in the building. This contract, dated February 5, 1963, was formally accepted by Frontier, Inc. on February 25, 1963. Construction on the building began on the 1st of February, 1963, and Dover Elevator Company first began its work around the last of the month. On March 8, 1963, appellant, Nelson Weaver Mortgage Company, Inc., advanced twenty-five thousand dollars ($25,000) to Frontier, Inc., on a note and a mortgage which was recorded on March 15, 1963. The total amount of money loaned under the mortgage was $131,173.03. Appellant, Cobbs, Allen and Hall Mortgage Company, Inc., loaned Frontier, Inc., a total of $38,200 under a second mortgage, dated August 26, 1963. The work on the building by the appellee continued until approximately October 1, 1963, when the job was shut down due to the insolvency of Frontier, Inc. On October 10, 1963, Dover Elevator Company filed the statutory statement of lien in the office of the Judge of Probate of Montgomery County. In this lien statement, appellee averred that there was owing to it $32,000, with interest from to-wit, February 5, 1963. On November 4, 1963, Dover Elevator Company filed this bill to enforce its alleged mechanic's lien and to establish its priority.

The appellants, in their brief, argue 15 out of the 16 assignments of error set out in the transcript. However, some of these assignments are argued jointly, and there are only eight questions raised by appellants to be decided.

### (1)

■ The main thrust of the appellants' argument is that this action was barred by the Statute of Limitations. This contention is based upon an averment in the statement of lien filed by the appellee in the Probate Judge's office, which alleges that the lien is claimed to secure an indebtedness of $32,000, with interest from, to-wit, February 5, 1963. In order to determine the validity of the appellants' contention, it is necessary to set out the law relevant to the issue involved. Title 33, § 42, of the Code of Alabama, in pertinent part, states as follows:

"The lien declared in this article shall be deemed lost unless the statement referred to in the preceding section shall be filed by every original contractor within six months * * * after the last item of work or labor has been performed or the last item of any material, fixture, engine, boiler or machinery has been furnished * * * and any suit for the enforcement thereof must be commenced within six months after the maturity of the entire indebtedness secured thereby, except as in cases hereinafter provided for."

The preceding section referred to in the above-quoted section requires that a verified statement be filed in the office of the Judge of Probate by the person claiming the lien. Title 33, § 41, Code of Alabama, 1940.

The first contention of the appellants, in arguing the applicability of the Statute of Limitations, is that the lien statement itself was filed too late, and therefore the lien was lost. They contend that the inserting of the date of February 5, 1963, into the lien statement, establishes the date of the maturity of the debt, and that any materials furnished or labor performed after this date must be amended into the present lien statement, or included in a different lien statement.

In support of this contention, appellants cite Home Federal Savings & Loan Association v. Williams, 276 Ala. 37, 158 So.2d 678; and Cutcliff v. McAnally, 88 Ala. 507, 7 So. 331. We think that these cases are distinguishable from the present case, and are not controlling. In Home Federal Savings & Loan Association v. Williams, supra, the court did not hold that the lien was lost because of a late filing of the lien statement, but that it was lost because, under the undisputed evidence, the claimant did not commence suit within six months of the maturity of the indebtedness. In Cut-

cliff v. McAnally, supra, the evidence itself showed that no materials were furnished or labor performed within the six months prior to the filing of the lien statement. In the present case, a different situation is presented. The appellee's complaint alleges, and the evidence shows, that materials were furnished and labor was performed by the appellee within the six months prior to his filing the lien statement. The evidence further shows that the date, February 5, 1963, was the date of the contract between the complainant Dover Elevator Company and respondent, Frontier, Inc., and not the date of the maturity of the indebtedness. The question thus presented is whether the mistaken averment in the lien statement filed by appellee in the probate office, as to the maturity of the indebtedness, is fatal to the appellee's perfecting a mechanic's lien. We think that it is not.

In Cook v. Rome Brick Company, 98 Ala. 409, 414–415, 12 So. 918, 919–920, the court held as follows:

"It is not essential to the perfecting of plaintiff's lien that the statement filed for record in the office of the judge of probate should show that it was filed within four months after the indebtedness had accrued. The statute required it to be filed within that time and that it was so filed must, as we have seen, be averred in the complaint and proved on the trial, but the statute does not require the statement which is filed to set forth the fact that it was filed within the time limited or facts showing that it was so filed; and the conclusion that the statement need not itself show that it is filed within the statutory limitation is further aided by the fact that the contents of the claim required by the statute are therein stated and this is not among them. * * *"

Since it is not necessary for the complainant to allege in the lien statement that the said lien statement was filed within the time limitation, it would seem to follow that a mere mistake in alleging the date would not be fatal to his perfecting a lien, if no one was prejudiced thereby. In the present case, there was no showing that the error was made intentionally by appellee, or that the appellants suffered any prejudice or injury therefrom. This is in accord with the general rule in other states. 57 C.J.S. Mechanics' Liens § 169a, p. 714; Harrington Bros. v. City of New York, D.C.N.Y., 51 F.2d 503, 505; Florida New Deal Co. v. Crane Co., 142 Fla. 471, 194 So. 865, 866, 867.

The second contention of the appellants in arguing that the six months Statute of Limitations is applicable in this case, is that the appellee did not commence suit within six months after the maturity of the indebtedness. However, here again, the basis of appellants' argument is that the averment, in the lien statement filed by the appellee as to the date of the maturity of the indebtedness is controlling. As has been stated above, we do not hold this contention valid, and where there has been no showing of injury to the appellants, the true date of the maturity of the indebtedness may be shown at the trial.

In their brief, appellants cite Estes Lumber Co. v. Investors' Syndicate, 223 Ala. 408, 137 So. 31, 32, 33, as controlling on this point. However, we think that this case is to be distinguished from the present case. In the *Estes* case, not only did the lien statement filed in the probate office contain an averment as to the date of the maturity of the indebtedness, it was also alleged in the bill of complaint. In addition, the proof also showed that the last delivery of materials was on the date averred, and further that an attorney who was the authorized agent of the complaint stated, to the attorney of the respondent, that the lien had been lost. In upholding the decree of the chancellor, which denied the establishment of a lien on the property, the court stated:

"* * * we are of the opinion the decree rendered was *justified by the proof,* and it will accordingly be here affirmed." [Emphasis supplied.]

In the present case the only averment as to the maturity date of the indebtedness

was contained in the lien statement filed in the office of the judge of probate. The proof, however, showed that materials were delivered and labor continued up to the date on which the lien statement was filed in the judge of probate's office. The proof also shows that this suit was commenced by appellee less than a month after the filing of the lien statement. Therefore, the proof in this case, unlike the proof in Estes Lumber Co. v. Investors' Syndicate, supra, shows that the appellee did, in fact, comply with the Code section requiring the filing of suit within six months of the maturity of the indebtedness. Code of Alabama, Title 33, § 42, supra.

## (2)

The next contention of the appellants is that there was no money judgment rendered against Frontier, Inc., the owner of the building, and that without such a judgment, there can be no lien established on the lands enforceable against them. In support of this contention, appellants cite Porter v. Miles, 67 Ala. 130, 133, and May & Thomas Hardware Co. v. McConnell, 102 Ala. 577, 14 So. 768, 769. In Porter v. Miles, supra, the court held that a lien on the property was not embraced where there was only an in personam judgment rendered against the owner. It did not hold that an in personam judgment was required in order to render an in rem judgment establishing a lien.

In the case of May & Thomas Hardware Co. v. McConnell, supra, the court held:

"* * * In such cases, when the proof shows, as it does in this case, that the owner had no knowledge of the purchase of the material by the contractor, and the contractor did not purchase them as the agent of McConnell, although purchased for the building, the owner is not subject to a personal judgment. This would not prevent the attaching of the lien under the statute, in a proper case, which could be enforced against the building and lot or building, as the case may be * * *"

Therefore, even the cases cited by appellant would seem to hold that, an in personam judgment against the owner is not a prerequisite to an in rem judgment establishing a lien on the property. Other Alabama cases have also followed this theory. McGeever v. S. H. Harris & Sons, 148 Ala. 503, 41 So. 930, 932; Copeland v. Dixie Lumber Co., 4 Ala.App. 230, 57 So. 124.

## (3)

The next contention of the appellants is that the lien statement, filed in the office of the Probate Judge, did not show the type, kind, or quality of material supplied by the appellee, and further that neither the said lien statement, nor the bill of complaint alleged that the materials were used in the construction of the building.

The argument that the lien statement did not show the type, kind, or quality of material supplied by the appellee is without merit. This court has consistently held that an itemization of the items or materials furnished is not required. Leftwich Lumber Co. v. Florence Mutual Building, Loan and Savings Association, 104 Ala. 584, 18 So. 48, 50; Garrison v. Hawkins Lumber Co., 111 Ala. 308, 311, 20 So. 427; Powers v. Grayson, 215 Ala. 33, 109 So. 164, 165.

Appellants vigorously contend, however, that neither the lien statement, nor the bill of complaint sufficiently alleges that the materials were *used* in the construction of the building.

The applicable law in this state is that although a failure in the lien statement to allege that the materials furnished were actually used in the improvements on the property is error, this defect may be cured by a proper allegation in the bill of complaint. Wade v. Glencoe Lumber Co., 267 Ala. 530, 103 So.2d 730, 732; Powers v. Grayson, supra.

In the present case there was no allegation in the lien statement that the materials were used in the construction of

the building. Therefore, it is necessary to examine the bill of complaint in order to determine if there was a sufficient allegation as to the use of the materials and their incorporation into the building. The appellee alleges in his complaint, as amended, the following:

"3. Pursuant to the aforesaid contract or agreement complainant avers that it undertook the furnishing of materials, fixtures, and/or machinery and performed work or labor upon the improvements on the above described property * *.

\* \* \* \* \* \*

"6. * * * pursuant to the provisions of said contract it [complainant] began to furnish labor and materials on the above described property *used,* to be used and intended for use in connection with the improvements thereon * *." [Emphasis supplied.]

■ An allegation that the materials were furnished for use is not sufficient to allege that they were so used. Wade v. Glencoe Lumber Co., supra. Therefore, the averment quoted above from paragraph 3 of appellee's bill of complaint would not be sufficient to allege that the materials were used in the building. However, we do think that the above quoted averment from paragraph 6 of the bill of complaint, as amended, as to the use of the materials is sufficient. It clearly avers that complainant began to furnish materials *used* in the construction of the building. The fact that the complainant also added the averments, "to be used" and "intended for use" will not be considered reversible error where the evidence shows that the materials were actually used in the construction of the building.

(4)

The next contention of the appellants is based upon the fact that the appellee did not fully perform under the contract between it and the respondent, Frontier, Inc. Appellants argue that, as there was no allegation in the complaint of a breach by respondent, Frontier, Inc., the appellee had to prove full performance on its part, and since they did not do so, the complaint does not support the judgment. In support of this contention, the appellants cite Carbon Hill Coal Co v. Cunningham, 153 Ala. 573, 44 So. 1016; Ludden & Bates v. Watt, 18 Ala.App. 652, 94 So. 239; Foster & Creighton Co. v. Box, 259 Ala. 474, 66 So.2d 746. It must be pointed out, however, that these cases are not authority for the problem involved in the present case, as they were cases of special assumpsit for the breach of a contract, and this action is an attempt to enforce a mechanic's lien.

■ This court has consistently held that in an action to establish a mechanic's lien, in equity, it is not necessary for the complainant to set out all terms of the contract, but rather he may rely on the common counts if he avers compliance with the statute requiring the filing of a lien statement. Bice v. R. L. Bains Builders, Inc., 269 Ala. 662, 115 So.2d 468, 469; Skelton v. Seale Lumber Co., 260 Ala. 179, 69 So.2d 288, 289; Burge v. Morgan, 257 Ala. 558, 59 So.2d 795, 796; Roobin v. Grindle, 219 Ala. 417, 122 So. 408, 409. The court in Roobin v. Grindle, supra held:

"It is sufficient to differentiate the cases cited from this to observe that they are special assumpsit for breach of contract, while here the complainants predicate their right to recover on the basis of a debt due for work and labor performed at defendant's instance, under circumstances which entitled them to a lien under the statute, and on the facts averred a recovery could be had on the common counts, and, when taken in connection with the averment showing a compliance with the statute in respect to filing the verified statement, were sufficient. * * *"

■ In the present case, the complainant alleges that it entered into a contract with respondent, Frontier, Inc., for the installation of an elevator. It further avers that it has furnished labor and materials

which were used in the construction of the improvements, and that the respondent is justly indebted to the complainant.

There is also a further averment that the verified statement of lien was filed in the Probate Judge's office in Montgomery County. Therefore, under the rule stated in the above cited cases, the bill is sufficient to support the judgment.

### (5)

■ The next contention of the appellant is that the court below was in error in decreeing a prior lien on the land in favor of appellee, as there was no allegation or proof that the complainant furnished material or labor prior to the execution of the mortgage. The applicable law in this state is that the commencement of work on a building, a matter open to the observation of all is the event and the time from which third persons are charged with notice that on compliance with the terms of the statute, liens will accrue against the building in favor of those whose labor and materials bring it into being. Friday Lumber Co. v. Johnston, 278 Ala. 661, 180 So.2d 259, 263; Wood Lumber Co. v. Greathouse, 230 Ala. 362, 161 So. 236, 237; Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826, 828, 829; Leftwich Lumber Co. v. Florence Mutual Building, Loan and Savings, 104 Ala. 584, 18 So. 48, 52, supra.

■ Here, there was evidence presented during the trial below which showed that appellee, Dover Elevator Company did commence work before the mortgage was recorded. The evidence also shows that the respondent, Nelson Weaver Mortgage Company, Inc., before the execution of the mortgage, had actual knowledge that an elevator was to be installed in the building, and further that Dover Elevator Company was to install it. Under these circumstances, the court below was correct in decreeing a prior lien on the land and improvements in favor of the appellee.

### (6)

The next contention of the appellant is that the trial court erred in allowing into evidence the testimony of the witness R. H. Tolar, Jr., concerning certain records kept by his company, Dover Elevator Company. Title 7, § 415, Code of Alabama, 1940, is as follows:

"Business entries.—Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible in evidence in proof of said act, transaction, or event, if it was made in regular course of any business, and it was the regular course of the business to make such memorandum or record at the time of such act, transaction, occurrence, or event, or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term, 'business' shall include business, profession, occupation, and calling of every kind."

■ The witness, Mr. Tolar, testified that he was familiar with the process of bookkeeping utilized by Dover Elevator Company, and that the actual processing of the records introduced into evidence was done by the payroll and tabulation departments, in the regular course of the business. Although he testified that these records were not kept under his supervision, he did testify that his department, the credit department, did have supervision and control over the construction job involved in this case. He further stated that these records were kept in the usual and ordinary course of business as a part of the credit operation of the business. Therefore, it would appear from the testimony as a whole, that the records were compiled by the payroll and tabulation departments, which were not under the supervision and control of Mr. Tolar, but that these rec-

ords were used by the credit department in the regular course of business, and that the credit department was under the supervision and control of Mr. Tolar.

In the case of Rumage v. Dry Dock Savings Bank, 278 Ala. 526, 179 So.2d, 277, 280, the court, in holding that a sufficient predicate was laid for the introduction of records, stated:

" * * * He [the witness] testified that he was the assistant treasurer of the mortgage services, Cobbs, Allen & Hall; that it was the regular course of business of the mortgage services to service and collect mortgage loans; that the payment records were kept in the regular course of business of the mortgage servicer; that although the entries in the payment records were made by machines in the bookkeeping department before they were brought to him, he was familiar with the records because of the delinquency of the mortgagors and delinquent payment records are turned over to him and kept under his supervision. This testimony was sufficient to admit the said payment records into evidence * * *."

The facts of the present case are very similar and the testimony given by Mr. Tolar was sufficient to allow the records into evidence.

(7)

▆ The appellants' next contention is that the court erred in allowing a lien for materials which were not used in the construction of the building, and which did not become a permanent part of the improvements. Under the law of this state, a lien does not attach for materials left lying on the premises which were not used in the construction of the building or attached to it. Wade v. Glencoe Lumber Co., 267 Ala. 530, 103 So.2d 730, 733, supra; Forbes v. Alabama Machinery & Supply Co., 176 Ala. 423, 58 So. 398.

▆ It would seem, however, that appellant, in his brief, has relied only on the testimony of his own witness, Mr. Lyles,

in asserting that the undisputed testimony showed that from $10,500 to $13,000 worth of labor and materials were not used in the construction of the building. The record shows that other witnesses testified as to the amount of labor and materials which were actually used in the construction of the building. Their testimony was at variance with that of Mr. Lyles, and would tend to support the decree of the court in establishing a lien for the amount of $29,-353 in favor of the appellee. Where there is a conflict in the testimony and some of it supports the decree of the chancellor, he will not be overruled unless it is shown that the decree was clearly erroneous.

(8)

▆ The last contention of the appellant is that the evidence was not sufficient to support the decree. However, as has been noted before, there was evidence to support the decree, and unless there is a showing that the decree was clearly erroneous, it will be affirmed. Here there was no such showing, and the decree of the trial court is hereby affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.