# Wahouma Drug Co., *et al. v.* Kirkpatrick Sand & Cement Co.

## *Bill to Establish Material-man's Lien.*

(Decided May 14, 1914.  Rehearing denied June 24, 1914.
65 South. 825.)

1. *Mechanics' Lien; Liability of Owner for Material; Original Owner.*—Where credit for materials furnished in the erection of a building is extended to the owner of the building, he becomes the original debtor, and the lien of the material man may be enforced for the entire debt and not for the unpaid balance due the contractor.

2. *Same; Notice of; Statutory Provision; Original Contractor.*—Where an agreement under which a material man furnished materials for a building was made on the basis of a letter from the owner to the material man requesting the furnishing of the material, and promising payment, the material man was an original contractor and in order to perfect a lien he was not required to give the notice prescribed by section 4762, Code 1907.

3. *Same; Enforcement; Burden of Proof.*—One seeking to escape liability on a contract for material for a building on the ground that the contract had been cancelled has the burden of showing such cancellation.

APPEAL from Jefferson Chancery Court.
Heard before Hon. A. H. BENNERS.

Bill by the Kirkpatrick Sand & Cement Company against the Wahouma Drug Company and others, to establish and enforce a material-man's lien. From a decree for complainant certain of the respondents appeal. Affirmed.

BURGIN, JENKINS & BROWN, for appellant. Where other than an original contractor claims the material-man's lien, notice in writing must be given to the person against whom the lien was claimed.—§ 4762, Code 1907; *Osborn v. Johnson*, 99 Ala. 309; *Crawford v. Stirling*, 155 Ala. 511. No presumption of the correctness of the chancellor's findings will be indulged.—§ 5955, subd. 1, Code 1907; *Spears v. Taylor*, 149 Ala. 188; *Shows v. Folmar*, 133 Ala. 599.

THOMAS J. WINGFIELD, and JOSEPH E. ROBINSON, for appellee. An original contractor need not give the notice required by § 4762, Code 1907, in order to perfect his lien.—*Giger v. Hussey*, 343; *Lane v. Jones*, 79 Ala. 160. Under the facts in this case and under the authorities supra, complainants were original contractors.

McCLELLAN, J.—This bill was filed by the appellee (a corporation) against the appellants and I. J. Smith and W. T. Hayden. It seeks the establishment and enforcement of a lien for building material furnished by the appellee to the appellants for the construction of a business house on the lot described in the bill. The chancellor's decree was in favor of I. J. Smith and W. T. Hayden, but established the lien prayed as against these appellants. Hayden's relation was that of mortgagee. He had made a loan to appellants; and the decree made the lien of the appellee subordinate to the charge of the mortgage to Hayden.

The demurrer of respondents, which was overruled, took this objection to the bill. That in perfecting the

lien sought to be established and enforced the appellee did not give the owners of the lot the notice required by the Code, § 4762, to be given by all persons, except original contractors desiring to perfect such a lien. This criticism of the bill raised the question whether the terms and legal effect of the agreement expressed in the letter to be quoted—a proposal that was accepted by the appellee—constituted the appellee an original contractor within the exceptions made in Code, § 4762. If so, the notice therein required to be given by all persons other than original contractors was not required of appellee. The letter set out in the bill, was addressed to the appellee. It reads:

"Please deliver to Mr. J. L. Morris what material he may need in the way of brick, sand, lime, cement, plaster, laths, etc., to go in our building at Woodlawn, Ala. We own this property and will see that you get your money for what material is delivered. In other words, this material is to be charged to our company, the bills to be O. K.'d by Mr. Morris, and we will see that same are paid as per agreement."

It is clear from the terms of the agreement, made upon the basis and faith of the letter, that the credit for the materials of the character referred to in the letter was extended to the proprietors. Where the credit for materials furnished is extended to the owner or proprietor, he becoming the original debtor, as here, the lien of the party furnishing the materials used in the improvement can be enforced for the entire debt—not simply for an unpaid balance due a contractor.—*Trammel v. Hudmon,* 78 Ala. 222.

Under the terms and legal effect of the agreement expressed in the quoted letter, appellee became an original contractor under the proprietors.—*Hearne v. R. R. Co.,* 53 Mo. 324; *Ambrose Co. v. Gapen,* 22 Mo. App.

397; *Wis. Mill Co. v. Grams,* 72 Wis. 275, 39 N. W. 531, Rochel on Mech. Liens, § 40; 27 Cyc. pp. 83, 84. Hence there was no obligation on the appellee to give the notice provided for in Code, § 4762. The stated objection to the bill was therefore properly overruled.

In the answer it is set up that on October 26, 1912— approximately three weeks after the terms of the quoted letter became the basis of obligations and after much material for the building had been furnished by the appellee upon the faith of the obligations resulting from the terms of the letter—the appellants, upon full notice to appellee, canceled the agreement and paid appellee for all materials that had been delivered up to that time; this with the view, as they assert, of clearing the property of possible charges in order to effect the loan from Hayden. This assertion of withdrawal from the engagement—an assertion that comprehended a then given warning to appellee that if any more materials were furnished appellants would not be responsible therefor— raised an issue of fact upon which a great deal of evidence was submitted to the chancellor. The evidence on the issue is in immediate irreconcilable conflict. The burden of proof to sustain the defensive averment of cancellation was upon the appellants. A careful consideration and review of the whole evidence leads this court to the conclusion that the burden of proof so assumed has not been discharged. A discussion in this opinion of the voluminous evidence on this issue would serve no useful purpose.

Our opinion on this issue accords with that given effect in the chancellor's decree. It is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.