BELOATE *v.* BAKER & CO.

Opinion delivered November 6, 1916.

1. CONTRACTS—AGREEMENT TO DO WORK AND TO FURNISH MATERIALS.— A. sued B., alleging that he "did install in the residence of this defendant a bath and closet, for which he charged this defendant the sum of $64.00, which charge the defendant has never objected to." B. demurred to the complaint, on the ground that it did not state a cause of action. *Held,* under a fair interpretation of the language there was a contract between the two parties under which the work was done.

2. MECHANIC'S LIENS—ENFORCEMENT—FILING EXHIBITS WITH COMPLAINT—PRACTICE.—In an action at law to recover for materials furnished and work done, and to charge certain real estate with a lien therefor, the failure of the plaintiff to exhibit with his complaint copies of the account and affidavit filed with the circuit clerk is a defect which should be reached by a motion for a rule on plaintiff to require an exhibition with the complaint, on account and affidavit; and the defect is not one which can be reached by a general demurrer.

3. MECHANICS' LIENS—RIGHT OF PRINCIPAL CONTRACTOR.—Act No. 446 of 1911, p. 462, *held* to amend or repeal nothing except Kirby's Digest, § 4975, and such other provisions as are in conflict with the new statute, and it does not operate to deprive a principal contractor of his lien.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*W. E. Beloate, pro se.*

1. In order to entitle appellee to a default judgment it was essential either that the account and affidavit filed in the circuit clerk's office be exhibited with the complaint, or introduced in evidence upon the hearing. Neither was done. 21 Ark. 186.

2. The complaint does not allege that appellant contracted with appellee in person for installing the bath and closet, but that it was done with the request and consent of appellant. If the contract was made by a third party as a contractor, there is a defect of parties defendant, and the complaint does not state a cause of action. 114 Ark. 464.

3. Liens of mechanics and materialmen are based upon the Act amendatory of the general lien laws, Acts 1911, p. 462, which provides that the principal contractor may give bond, and also provides: "That if such bond is not filed, all laborers, mechanics and material furnishers, *except the principal contractor*, shall have a lien, etc." Section 7 of the Act repeals conflicting laws.

Any prior statute giving the principal contractor a lien is repealed by this act.

*W. K. Ruddell,* for appellee.

1. Act 446, Acts 1911, is only cumulative of Chap. 101, sub-div. II, of Kirby's Digest, and not intended to repeal it. Had the Legislature intended to repeal the chapter, why did they in section 6 of the Act, specifically repeal section 4975 only, of the chapter?

Where two statutes can be construed together so that both may stand, the later act will not be construed to repeal the former. 27 Ark. 419, 421; 23 Ark. 304, 307.

2. There was no default judgment. Appellant was present in person at the time of judgment and the amount was fixed by agreement. Since none of the evidence produced in the lower court has been brought into this Court, it will be presumed that there was sufficient legal evidence to sustain the judgment. 37 Ark. 528; 33 Ark. 97.

3. The allegation in the complaint that the work was done "at the request and with the consent" of the appellant, was sufficient.

McCULLOCH, C. J.   This is an action instituted in the circuit court of Independence county by appellee against appellant to recover the sum of $64.00 and to charge certain real estate with a lien for the amount to be recovered under the statute allowing liens for the benefit of mechanics.   It is alleged in the complaint that the plaintiff installed a bath and closet in the residence of defendant for the agreed sum of $64.00, the real estate on which the residence is situated being described, and that the plaintiff had complied with the statute by filing with the clerk of the circuit court a verified account of the demand showing the labor performed and material furnished.   The court overruled appellant's demurrer to the complaint, appellant stood upon the demurrer without pleading further, and the court rendered judgment in appellee's favor for the amount of the claim found to be due.

(1)   The demurrer was a general one on the ground that the complaint failed to state facts sufficient to constitute a cause of action.   It is said that the complaint is insufficient because it does not contain an allegation that appellant contracted with appellee in person for installing the bath and closet in the building, but we think that the language of the complaint is sufficient to be treated as a specific allegation to the effect that the work was done and material furnished under a contract with the appellant.   The allegation is that the plaintiff "did install in the residence of this defendant a bath and closet, for which he charged this defendant the sum of $64.00, which charge the defendant has never objected to."   A fair interpretation of the language is that there was a contract between the two parties under which the work was done.

(2)   It is next contended that the complaint was defective because copies of the account and affidavit filed with the clerk of the circuit court were not exhib-

ited with the complaint. That was a defect which should have been raised by a motion for a rule on plaintiff to require an exhibition with the complaint of the account and affidavit. The defect is not one which can be reached by a general demurrer. *Henry* v. *Blackburn*, 32 Ark. 445.

(3) The final contention of appellant is that the statute now in force does not give a principal contractor a lien. The argument is based upon the peculiar language of the Act of June 2, No. 446, 1911 (Acts 1911, p. 462), which in part reads as follows:

"That chapter 101, subdivision 11 of Kirby's Digest of the Statutes of Arkansas be amended as follows:

"Section 1. The principal contractor mentioned in chapter 101, subdivision II, may execute a bond to the State of Arkansas, for the use of all persons in whose favor liens might accrue, by virtue of chapter 101, subdivision II of Kirby's Digest of the statutes of Arkansas, conditional for the payment of all claims which might be the basis of liens; which bond shall be in a sum of not less than double the amount of the contract price, with good and sufficient sureties, whose qualifications shall be verified, and such sureties shall be approved by the clerk of the circuit court, in the county in which the property is situated, and may file such bond in the office of said clerk; provided, that if such bond is not filed all laborers, mechanics, and material furnishers, except the principal contractor, shall have a lien for the unpaid amount of their claims, against the building erected and improved and against the lot of ground upon which the same is situated, and provided in this chapter. *Provided*, that if the owner shall require the contractor to execute bond, and the same shall be executed, approved and filed, as herein provided, he shall not be liable, nor shall the building, erection or improvements, nor shall the lot or ground upon which the same is situated, be liable for any sum or sums of money due sub-contractor, laborers or material men because of any work done,

labor performed, or material furnished in the erection of said building erected, or improvements under contract with said principal contractor or sub-contractor. Suit may be brought on said bond by any person interested.''

The position appellant takes is that the Act of 1911 operates as a repeal of the chapter of the digest conferring liens in favor of mechanics and materialmen, and that as the last statute is substituted for and takes the place of the former, it alone can be looked to for authority to declare a lien in favor of a principal contractor. It is contended that the language of the statute "except the principal contractor," excludes a lien in favor of the principal contractor. We do not think that the statute was intended to repeal that part of the chapter of the digest referred to, which gives a lien to a principal contractor. The other sections of the Act of 1911 relate to public buildings and to public officers and buildings erected by churches and charitable institutions. It contains a section expressly repealing section 4975 of Kirby's Digest, which declares that contractors, sub-contractors, laborers and material furnishers shall not be given a lien for a greater amount than the aggregate contract price with the owner, but that the owner shall not pay any money until all laborers and mechanics employed on the same, and all material furnishers, shall be paid. Another section provides that all laws in conflict with the act are repealed.

Section 1, as quoted above, was only intended to give the owner the privilege of requiring a bond so as to obviate liens of laborers and mechanics and material furnishers and to give a lien on a building or other improvement in favor of sub-contractors, laborers or material men for the full amount of their respective claims in the event the bond be not given. It has nothing whatever to do with liens of the principal contractors, and leaves the old statute in full force so far as relates to such liens. The statute does not purport to substitute the new act for the old one, and does not

specify any particular section which is amended. It does not follow the usual form of amending the old statute "so as to read as follows." It seems clear, therefore, that nothing is amended or repealed except Kirby's Digest, § 4975, and such other provisions as are in conflict with the new statute. The exception in the first section as to principal contractors is therefore without any force and could have been altogether omitted without affecting the force of the statute.

The complaint stated a cause of action, and the court did not err in overruling the demurrer.    Affirmed.