(122 So. 408)

ROOBIN v. GRINDLE et al. (6 Div. 124.)

Supreme Court of Alabama. April 4, 1929.

Rehearing Denied May 30, 1929.

Silberman & Wurtzburger, of Birmingham, for appellant.

418

J. C. Burton, of Birmingham, for appellees.

BROWN, J. The purpose of the bill is to enforce the statutory lien given by section 8832 of the Code of 1923 to "every mechanic, person, firm, or corporation who shall do or perform any work, or labor upon, or furnish any material, fixture, engine, boiler, or machinery for any building or improvement on land, or for repairing, altering, or beautifying the same, under or by virtue of any contract with the owner or proprietor thereof," etc.

As a basis for the relief, the bill avers that complainants and respondent "entered into a contract whereby it was agreed that said complainants would build for said respondent a building on the premises known and described as 927 Conroy Road in the City of Birmingham, Alabama, to be used as a garage and servant's house, and it was further agreed that the said complainants would lay or place on said premises a concrete pavement or other pavement, and that said respondent agreed to pay them for the work and labor extended by said complainants in making said improvements on said real estate. Complainants further alleged that they have completed the said building and have laid the said pavement on the said premises, and have in every way performed their part of the contract; that one hundred and seventy dollars and twenty-three cents ($170.23) remain due and owing said complainants from said respondent for work and labor in making the improvements on said premises under said contract made with the respondent; that said amount is due complainants, after allowing all credits, offsets, and discounts due from complainants to respondent; and that this sum became due and owing to the complainants on the 14th day of August, 1925."

The respondent, by demurrer, challenged the sufficiency of these averments on the ground that the terms of the contract were not specifically stated. The demurrer being overruled, he now insists that this was error, citing in support of his contention Sloss-Sheffield Steel & Iron Co. v. Payne, 192 Ala. 69, 68 So. 359, and other authorities of like import.

It is sufficient to differentiate the cases cited from this to observe that they are special assumpsit for breach of contract, while here the complainants predicate their right to recover on the basis of a debt due for work and labor performed at defendant's instance, under circumstances which entitled them to a lien under the statute, and on the facts averred a recovery could be had on the common counts, and, when taken in connection with the averment showing a compliance with the statute in respect to filing the verified statement, were sufficient. 40 C. J. 425, § 584; Beloate v. Baker, 126 Ark. 67, 189 S. W. 354; Tisdale v. Alabama & Georgia Lumber Co., 131 Ala. 456, 31 So. 729; Christian &' Craft Grocery Co. v. Kling, 121 Ala. 292, 25 So. 629.

Another contention is that the evidence fails to show that defendant was the owner of the property. This contention is fully answered by the averment of paragraph 5 of the bill, that respondent is the legal owner of the land, the building, and the improvements thereon; this averment being admitted by paragraph 5 of the answer. Sims' Ch. Pr. § 498; Tait v. American Freehold Land Mortgage Co. of London, 132 Ala. 193, 31 So. 623; Land Mortgage, Investment & Agency Co. v. Vinson, 105 Ala. 389, 17 So. 23; Crawford v. Kirksey, 50 Ala. 590.

The evidence is without dispute that the work was completed, and on a settlement between the parties, after deducting the cost of the material and advances made for paying labor during the progress of the work, that there was a balance remaining unpaid of $370.23, at which time the defendant made a payment to the complainants of $200, leaving a balance of $170.23 unpaid. The appellant's contention now is that the complainants were guilty of negligence in laying the pavement in the driveway to the garage, in that they failed to put into the mixture used a sufficient amount of cement to make a hard surface driveway.

Here the burden was on the defendant, not only to make proof of his contention, but to assert this defense in his answer. Sims' Ch. Pr. § 488; 18 R. C. L. 986, § 131; Wahouma Drug Co. v. Kirkpatrick Sand & Cement Co., 187 Ala. 318, 65 So. 825; Fike v. Stratton, 174 Ala. 541, 56 So. 929.

The averments of the answer, in this respect, are: "Respondent denies that the complainants have completed the work according to said contract and states that the concrete work has not been completed and that it is necessary to relay most of said concrete in the driveway, and further to rehang the doors on the garage and to perform other improvements which were to have been completed by the complainants."

Treating these averments as sufficient, though it must be conceded that the defect in the material is not shown, the testimony offered by the complainants goes to show that

the defendant specified the proportions of slag, sand, and cement to be included, and that they followed his direction in this respect. This is denied by the defendant, and the testimony offered in his behalf tends to show that it was left to the judgment of the complainants to put into the mixture the necessary ingredients. This is sufficient to indicate that the evidence on this phase of the case was in sharp conflict, with the burden of proof on the defendant, and, after careful consideration of the whole evidence, we are not able to say that the conclusion of the Chancellor was not well-grounded. Wahouma Drug Co. v. Kirkpatrick Sand & Cement Co., 187 Ala. 318, 65 So. 825.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.