The parents, R.B. and P.B., appeal from a judgment denying their petition to terminate their parental rights to two of their adopted children. We reverse and remand.
In 1986, the parents adopted five Native American children, who were members of the Oglala Sioux Tribe in Pine Ridge, South Dakota. The two oldest children were boys, and the three youngest children were girls. The parents contacted their local county office of the Department of Human Resources ("DHR") in 1992 because, they said, their problems with the children's behavior had escalated to the point that the family required assistance. DHR worked with the family for over a year, but in December 1993 the parents filed petitions to terminate their parental rights to all five of the children, alleging that they were unable to discharge their responsibilities to and for the children. DHR removed the children from the home and placed them in foster care; the parents were ordered to pay child support. DHR located a Native American family with Cherokee ties that was willing to care for the three girls, but had difficulty finding long-term foster care placement for the two boys, who were at that time 17 and 14 years old.
In April 1994, the Oglala Sioux Tribe filed motions to intervene in the case and to transfer jurisdiction to the tribe pursuant to the Indian Child Welfare Act, 25 U.S.C. § 1901-1934 (1983) ("ICWA"). The trial court denied the Tribe's motions, but allowed representatives of the Tribe to attend a hearing in August. In addition, the children's maternal aunt, who is a member of the Oglala Sioux Tribe, filed a petition for custody of the children. Thereafter, the trial court terminated the parental rights of the parents to the three girls, whose foster parents wished to adopt them, but refused to terminate the parental rights of the parents to the two boys because there was no adoptive resource for them. The trial court did not refer to the ICWA or to the petition of the maternal aunt in its order relative to the boys.
The parents contend on appeal that the trial court erred in denying their petition to terminate their parental rights on the ground that there was no adoptive resource, that the trial court erred in refusing to transfer jurisdiction to the Oglala Sioux Tribe, and that they are due a refund of child support paid to DHR if they prevail.
We first address the jurisdictional issue. DHR argues that because the Tribe did not appeal the trial court's denial of its motions to intervene and to transfer jurisdiction, the parents cannot raise that issue. We agree. In McCulloch v.State Dep't of Human Resources, 536 So.2d 68, 71
(Ala.Civ.App. 1988), this court held that an appellant cannot raise an issue affecting a non-appealing party. Because the lack of subject matter jurisdiction may be raised at any time, however, by any party or by the court before which the case is tried or to which an appeal has been taken, Hanlon v. Mooney,407 So.2d 554 (Ala.Civ.App.), rev'd on other grounds, Ex parte Hanlon,407 So.2d 559 (Ala. 1981), we have reviewed the jurisdictional requirements of the ICWA.
Section 1911(b) of the ICWA provides as follows:
 "In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, in the absence of good cause to the contrary, shall transfer such proceeding to the jurisdiction of the tribe, absent objection by either parent, upon the petition of either parent or the Indian custodian or the Indian child's tribe. . . ."
The ICWA does not completely divest state courts of their jurisdiction over children of Indian descent who do not live on a reservation. Kiowa Tribe of Oklahoma v. Lewis, 777 F.2d 587
(10th Cir. 1985), cert. denied, 479 U.S. 872, 107 S.Ct. 247,93 L.Ed.2d 171 (1986). The "good cause" exception authorizing transfer from a state court to the tribal court allows state courts to apply a modified version of the forum non conveniens doctrine when deciding whether to retain or transfer jurisdiction of Indian child custody proceedings. In reMaricopa Cty. Juvenile Action No. JS-8287, 171 Ariz. 104,828 P.2d 1245 (Ariz.Ct.App. 1991). Because the ICWA does not mandate tribal jurisdiction, this court has *Page 190 
no basis on which to overturn the trial court's decision to retain the case, rather than to transfer it to the Tribe, on jurisdictional grounds. Because the Tribe did not appeal, we will not further address the ICWA jurisdiction.
We now turn to the parents' argument that the trial court erred in refusing to terminate their parental rights to the boys on the sole ground that there was no adoptive resource. Section 26-18-7, Ala. Code 1975, a part of the Child Protection Act, sets out the statutory grounds for termination of parental rights, as follows:
 "(a) If the court finds from clear and convincing evidence, competent, material and relevant in nature, that the parents of a child are unable or unwilling to discharge their responsibilities to and for the child or that the conduct or condition of the parents is such as to render them unable to properly care for the child and that such conduct or condition is unlikely to change in the foreseeable future, it may terminate the parental rights of the parents. In determining whether or not the parents are unable or unwilling to discharge their responsibilities to and for the child, the court shall consider, and in cases of voluntary relinquishment of parental rights may consider, but not be limited to, the following:
 "(1) That the parents have abandoned the child, as herein defined;
 "(2) Emotional illness, mental illness or mental deficiency of the parent, or excessive use of alcohol or controlled substances, of such duration or nature as to render the parent unable to care for needs of the child;
 "(3) That the parent has tortured, abused, cruelly beaten or otherwise maltreated the child, or attempted to torture, abuse, cruelly beat or otherwise maltreat the child, or the said child is in clear and present danger of being thus tortured, abused, cruelly beaten, or otherwise maltreated as evidenced by such treatment of a sibling;
 "(4) Conviction of and imprisonment for a felony;
 "(5) Unexplained serious physical injury to the child under such circumstances as would indicate that such injuries resulted from the intentional conduct or willful neglect of the parent;
 "(6) That reasonable efforts by the Department of Human Resources or licensed public or private child care agencies leading toward the rehabilitation of the parents have failed.
 "(b) Where a child is not in the physical custody of its parent or parents . . ., in addition to the foregoing, [the court] shall also consider, but is not limited to the following:
 "(1) Failure by the parents to provide for the material needs of the child or to pay a reasonable portion of its support, where the parent is able to do so.
 "(2) Failure by the parents to maintain regular visits with the child in accordance with a plan devised by the department, or any public or licensed private child care agency, and agreed to by the parent.
 "(3) Failure by the parents to maintain consistent contact or communication with the child.
 "(4) Lack of effort by the parent to adjust his circumstances to meet the needs of the child in accordance with agreements reached, including agreements reached with local departments of human resources or licensed child-placing agencies, in an administrative review or a judicial review.
". . . ."
The termination of parental rights requires clear and convincing evidence that termination would be in the child's best interests. State Dep't of Human Resources v. L.W.,597 So.2d 703 (Ala.Civ.App. 1992).
The trial court's decision in proceedings to terminate parental rights is, of course, presumed to be correct when the decision is based upon evidence presented ore tenus, and such a decision will be set aside only if the record shows it to be plainly and palpably wrong. Ex parte State Dep't of HumanResources, 624 So.2d 589, 593 (Ala. 1993). *Page 191 
Although detailed findings in a termination order are not required, id., the order in this case is insufficient. Indeed, we cannot tell from the record what else, if anything, the court considered in making its decision. This reviewing court must have some basis upon which to review the trial court's conclusion without resorting to speculation and conjecture.
This case presents a difficult circumstance, because the children's adoptive parents are seeking to relinquish their own parental rights. The lack of an adoptive resource, in and of itself, may well be a factor indicating that termination of parental rights would not be in the best interests of these children, but it is clearly not the only factor that should have been considered by the trial court. After reviewing the Child Protection Act and the cases decided by this court and our supreme court, we find no requirement that there must be an adoptive resource before parental rights can be terminated. If that were true, the courts would be unable to terminate parental rights, no matter how egregious the circumstances, until an adoptive resource could be located, and an adoptive resource cannot always be found quickly. Therefore, we hold that the trial court's refusal to terminate parental rights in this case, based solely upon the lack of an adoptive resource, was plainly and palpably wrong.
Finally, we turn to the parents' contention that the child support they have paid to DHR should be refunded. They have cited no authority to this court in support of their argument. This court will not consider an argument for which no authority has been cited. Rule 28(a)(5), Ala.R.App.P.; May v. AlabamaDep't of Human Resources, 512 So.2d 781 (Ala.Civ.App. 1987).
The judgment refusing to terminate the parents' parental rights must be reversed and the cause remanded to the trial court for further proceedings under § 26-18-7, Ala. Code 1975. It is so ordered.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED WITH DIRECTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.
MONROE, J., concurs specially.