THOMAS, Judge.
 

 J.F.S. Ill (“the father”) appeals from the Mobile Juvenile Court’s judgment terminating his parental rights to A.S. (“the child”).
 
 [1]
 
 We affirm.
 

 Facts and Procedural History
 

 The Mobile County Department of Human Resources (“DHR”) first became involved with the family in 2005. At that time, the child and his sister were removed from their parents’ custody. DHR implemented services and, in October 2006, returned the children to their parents. On January 22, 2007, DHR petitioned the juvenile court for custody of the children, alleging that the mother had abandoned the children.
 
 [2]
 
 The petition also alleged that the child had extraordinary medical needs that required special attention.
 
 [3]
 
 On the same day, the juvenile court granted DHR’s petition. On May 6, 2008, DHR petitioned the juvenile court to terminate the father’s parental rights to the child.
 
 [4]
 
 The juvenile court held a hearing, at which it heard ore tenus evidence. The father was not present for the hearing; however, he was represented by counsel.
 
 [5]
 
 On October 28, 2009, the juvenile court entered its judgment terminating the father’s parental rights to the child. The juvenile court determined that the father had been convicted of and imprisoned for a felony and that there were no viable alternatives to the termination of the father’s parental rights. The father subsequently appealed to this court.
 

 
 *77
 

 Issues
 

 The father raises two issues in his appeal: (1) whether the juvenile court had sufficient evidence to support its determination that the father had been convicted of and imprisoned for a felony; and (2) whether the juvenile court erred by determining that no viable alternatives existed to the termination of the father’s parental rights.
 

 Standard of Review
 

 “The juvenile court’s factual findings based on evidence presented ore tenus in a judgment terminating parental rights are presumed correct.
 
 R.B. v. State Dep’t of Human Res.,
 
 669 So.2d 187 (Ala.Civ.App.1995). The judgment terminating parental rights based on those findings will be reversed only if the record demonstrates that the decision is unsupported by the appropriate quantum of evidence, i.e., clear and convincing evidence, and is plainly and palpably wrong.
 
 Ex parte T.V.,
 
 971 So.2d 1, 4-5 (Ala.2007).”
 

 F.I. v. State Dep’t of Human Res.,
 
 975 So.2d 969, 972 (Ala.Civ.App.2007).
 

 Analysis
 

 The father first argues that the juvenile court erred by finding that he was unwilling or unable to discharge his parental responsibilities because, he says, DHR failed to present sufficient evidence that he had been convicted and imprisoned for a felony. A court may terminate parental rights when “the parents of [the] child are unable or unwilling to discharge their responsibilities to and for the child.... ” Ala. Code 1975, § 26-18-7(a);
 
 see also
 
 Ala. Code 1975, § 12-15-319.
 
 [6]
 
 One of the factors that a juvenile court may consider in its determination whether to terminate a parent’s parental rights is whether a parent has been convicted of and imprisoned for a felony. Ala.Code 1975, § 26-18-7(a)(4);
 
 see also
 
 Ala.Code 1975, § 12-15-319(a)(4).
 

 The father, in support of his argument, cites
 
 D.P. v. Madison County Department of Human Resources,
 
 23 So.3d 1156 (Ala.Civ.App.2009). In
 
 D.P.,
 
 this court held that the juvenile court in that case did not have sufficient evidence to determine that the father in that case had been convicted of and imprisoned for a felony. The only evidence the Madison County DHR presented in
 
 D.P.
 
 was that the father had been incarcerated for 16 months. The Madison County DHR argued that the length of the father’s imprisonment presented sufficient evidence that the father had been convicted of and imprisoned for a felony because, the Madison County DHR argued, a felony conviction required that a convicted felon serve at least one year and one day in a correctional facility.
 
 See
 
 Ala.Code 1975, § 13A-1-2(8) (defining a felony as “[a]n offense for which a sentence to a term of imprisonment in excess of one year is authorized by this title”). We held that the length of the father’s incarceration, by itself, was not sufficient evidence that the father had been convicted of a felony because it did not rule out the possibility that the father had been incarcerated for multiple misdemeanors.
 
 D.P.,
 
 23 So.3d at 1158.
 

 This case, however, can be distinguished from
 
 D.P.
 
 In this case, it is apparent from the record that the father had been incar
 
 *78
 
 cerated at the Bibb County Correctional Facility, which is a state penitentiary.
 
 [7]
 
 Alabama law is clear that “[n]o misdemeanor prisoner may be sentenced to the penitentiary.” Ala.Code 1975, § 15-18-1(b). Trial court judges are presumed to know the law.
 
 Ex parte Atchley,
 
 936 So.2d 513, 516 (Ala.2006). Thus, the juvenile court could have concluded from the fact of the father’s incarceration at the Bibb County Correctional Facility that the father had been convicted of and imprisoned for a felony. Therefore, the juvenile court did not err by determining that the father had been convicted of and imprisoned for a felony.
 

 The father next argues that the juvenile court erred by finding that there were no viable alternatives to the termination of his parental rights because, he says, DHR failed to present evidence indicating that it had made recent attempts to locate a viable relative resource. We have held that “ ‘DHR must present “evidence of
 
 recent
 
 attempts to locate viable alternatives in order to establish that termination of parental rights is the least dramatic alternative.’””
 
 C.T. v. Calhoun County Dep’t of Human Res.,
 
 8 So.3d 984, 987 (Ala.Civ.App.2008) (quoting
 
 V.M. v. State Dep’t of Human Res.,
 
 710 So.2d 915, 921 (Ala.Civ.App.1998), quoting in turn
 
 Bowman v. State Dep’t of Human Res.,
 
 534 So.2d 304, 306 (Ala.Civ.App.1988)) (emphasis added in
 
 V.M.).
 
 Moreover, “ ‘DHR— not the prospective custodian — has the burden of initiating investigations, and it is DHR’s burden to prove the unsuitability of one who seeks to be considered as the custodian of a dependent child.’ ”
 
 Ex parte J.R.,
 
 896 So.2d 416, 428 (Ala.2004) (quoting
 
 D.S.S. v. Clay County Dep’t of Human Res.,
 
 755 So.2d 584, 591 (Ala.Civ.App.1999)).
 

 In this case, the record shows that DHR investigated the child’s maternal grandmother, his maternal uncle, and his paternal grandmother as potential relative resources. The maternal grandmother had custody of the child’s sister; however, she declined to take custody of the child. DHR rejected the maternal uncle because he was a single father with five children of his own and because he did not feel that he could provide the needed care for the child. DHR rejected the paternal grandmother, in part, because of her advanced age. The record also shows that DHR met with the father in September 2008 in order to make a final effort to locate a viable relative resource. The father did not at that meeting provide DHR with the names of any additional potential relative resources.
 

 “Although DHR has a responsibility to investigate alternate relative placements for a child, that obligation does not entirely alleviate the responsibility of the parent who purports to oppose the termination of his or her parental rights of making DHR social workers aware of alternative placement possibilities.”
 

 B.S. v. Cullman County Dep’t of Human Res.,
 
 865 So.2d 1188, 1197 (Ala.Civ.App.2003). Because the father did not provide DHR with any information concerning potential relative resources, DHR’s duty to initiate an investigation was not triggered. Therefore, the juvenile court did not err by determining that there were no viable
 
 *79
 
 alternatives to the termination of the father’s parental rights.
 

 Conclusion
 

 The father has not demonstrated that the juvenile court erred by determining that he had been convicted of and imprisoned for a felony or by determining that there were no viable alternatives to the termination of his parental rights. Therefore, we affirm the judgment of the juvenile court.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . The child has an older sister. Because the sister was able to be placed with a relative resource, the Mobile County Department of Human Resources did not petition to terminate the father’s parental rights as to the sister.
 

 [2]
 

 . The only mention of the father in the petition for custody was that the father's current address was "Federal Prison (Name and Address Unknown).”
 

 [3]
 

 . The child suffers from angelman syndrome, a neurological disorder that causes intellectual and developmental delay, along with other physical symptoms such as seizures.
 

 [4]
 

 . DHR also petitioned the juvenile court to terminate the mother’s parental rights to the child. The juvenile court granted the petition as to the mother; however, she is not a party to this appeal.
 

 [5]
 

 . The juvenile court had issued an order directing the Mobile County Sheriff's Department to transport the father from the Bibb County Correctional Facility to the hearing. It appears, however, that at the time of the hearing the father had been relocated to the Shelby County jail where he was awaiting transport to a federal corrections facility. The juvenile court judge stated at the start of the hearing that he had no authority to order the transport of a federal prisoner.
 

 [6]
 

 . By Act No. 2008-277, Ala. Acts 2008, the Alabama Legislature, among other things, amended and renumbered Ala.Code 1975, § 26-18-7, and enacted the Alabama Juvenile Justice Act ("AJJA”), codified at Ala.Code 1975, § 12-15-101 et seq. The effective date of the AJJA is January 1, 2009. The quoted language in the cited Code section has not changed in any substantial way as a result of the enactment of the AJJA.
 

 [7]
 

 . Among other evidence, the father stated in a pleading he styled as a "Motion for Extension of Time” that he was incarcerated in the Bibb County Correctional Facility. "It is well settled that once a ‘fact’ is admitted in the pleadings, it need not be proved at trial.”
 
 Odom v. Hull,
 
 658 So.2d 442, 444 (Ala.1995) (citing
 
 Roobin v. Grindle,
 
 219 Ala. 417, 122 So. 408 (1929); and
 
 Boatright v. Fennell,
 
 213 Ala. 10, 104 So. 1 (1925)).